IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAXWELL VANDEVELDE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHINA NATURAL GAS, INC., QINAN JI, ZHIQIANG WANG, DONALD YANG, DAVID SHE, CARL YEUNG and LAWRENCE LEIGHTON,<br><br>Defendants. | C.A. No. 1:10-CV-728-SLR<br><br>CLASS ACTION |

**OPENING BRIEF IN SUPPORT OF MOTION OF ROBERT SKEWAY TO BE APPOINTED AS LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**

**RIGRODSKY & LONG, P.A.**
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
919 N. Market Street, Suite 980
Wilmington, DE 19801
Telephone: (302) 295-5310
Fax: (302) 654-7530
Email: SDR@rigrodskylong.com
Email: BDL@rigrodskylong.com

[Proposed] Liaison Counsel for Plaintiffs and Class

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
Phillip Kim
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

October 25, 2010.

# TABLE OF CONTENTS

Page

I. NATURE AND STATE OF THE PROCEEDINGS ............................................................... 2

II. SUMMARY OF THE ARGUMENT .................................................................................. 2

III. STATEMENT OF FACTS .................................................................................................. 3

IV. ARGUMENT ...................................................................................................................... 4

   A. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................................ 4

      1. Mr. Skeway is Willing to Serve as Class Representative .................................... 4

      2. Mr. Skeway Has the Largest Financial Interest in the Action ........................... 5

      3. Mr. Skeway Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure .................................................................................................. 5

      4. Mr. Skeway Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ............................................................. 7

      5. Mr. Skeway's Selection of Counsel Should Be Approved ............................... 7

V. CONCLUSION .................................................................................................................... 8

## TABLE OF AUTHORITIES

Pages(s)

**Cases**

*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008) .................................................................. 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................... 6

*In re Vicuron Pharm., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004) ................................................................ 5, 6

**Rules**

Fed. R. Civ. P. 23 ...................................................................................... 2, 6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(i) ......................................................................... 4
15 U.S.C. § 78u-4(a)(3)(B)(ii) ........................................................................ 4
15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................ 2, 4, 5
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .................................................................... 7
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ............................................................. 7
15 U.S.C. § 78u-4(a)(3)(B)(v) ......................................................................... 7

Robert Skeway ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

    (1)    appointing Movant as Lead Plaintiff for the class of all purchasers of the shares of China Natural Gas, Inc. ("China Natural," or the "Company") during the period between March 10, 2010 and August 19, 2010, inclusive (the "Class Period"); and

    (2)    approving Movant's selection of The Rosen Law Firm, P.A., as Lead Counsel for the Class and the firm of Rigrodsky & Long, P.A., as Liaison Counsel for the Class.

## I. NATURE AND STATE OF THE PROCEEDINGS

The instant action was commenced on August 26, 2010. Notice of the action was issued by a number of law firms variously indicating that the deadline for the appointment of lead Plaintiff was October 25, 2010 and November 1, 2010. *See* Declaration of Brian D. Long ("Long Decl."), Ex. 1, filed herewith. On September 3, 2010, a related action was filed in the U.S. District Court for the Southern District of New York entitled *Michael Barnkowski v. China Natural Gas, Inc., et al.*, No. 10 CV 6572 (LTS) (the "SDNY Action"). Movant has filed a notice of filing of this motion in the SDNY Action.

## II. SUMMARY OF THE ARGUMENT

The Court is to appoint as Lead Plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Here, Mr. Skeway with $155,508.05 in losses should be appointed Lead Plaintiff because he suffered the largest financial loss of any movant seeking appointment as Lead Plaintiff in this matter and otherwise satisfies the pertinent typicality and adequacy requirements of Federal Rule of Civil Procedure 23.

2

Movant's selection of the Rosen Law Firm, P.A. and Rigrodsky & Long, P.A., as Lead Counsel and Liaison Counsel, respectively, should be approved as both counsel have substantial experience in securities class action and other complex litigation.

### III. STATEMENT OF FACTS

This is a securities class action brought on behalf of purchasers of the shares of China Natural during the Class Period, seeking to pursue remedies under the Section 10(b), SEC Rule 10b-5 thereunder, and Section 20(a) of the Exchange Act against China Natural and certain of its officers and directors.

China Natural is a Delaware corporation headquartered in Xian, in the People's Republic of China. The Company engages in the distribution and sale of natural gas and gasoline to commercial, industrial, and residential customers in China. The Company distributes and sells compressed natural gas and gasoline through its variable interest entity fueling stations to gasoline and hybrid powered vehicles. During the Class Period the Company's shares were listed on the NASDAQ under ticker "CHNG."

The Complaint alleges that during the Class Period China Natural issued materially false statements about its financial condition and internal controls. Particularly, the Complaint alleges that China Natural concealed the existence of a $17.7 million loan liability on its balance sheet, understated restricted cash by $17.7 million, improperly accounted for $45.6 million in senior notes as short term liabilities, rather than long term, and failed to disclose that it is in default under the senior note indenture.

As a result of Defendants' false statements about China Natural's financial condition, its stock traded at inflated prices - as high as $10.78 per share - during the Class Period. On August 13, 2010, the Company disclosed the existence of the $17.7 million loan liability, the default under the indenture and that it would restate its financial statements to properly account for these

matters. On August 20, 2010, the Company filed its restated financial statements. As a result, China Natural Gas' stock price dropped substantially, causing stockholders to suffer losses in their investments.

## IV.   ARGUMENT

### A.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Mr. Skeway satisfies all of these criteria and is thereby entitled to the presumption that he is the most adequate plaintiff of the class, and that he, as a result, should be appointed Lead Plaintiff.

#### 1.   Mr. Skeway is Willing to Serve as Class Representative

Mr. Skeway, has filed the instant motion and certification attesting his willingness to serve as a representative of the class, and, if necessary, to provide testimony at deposition and

4

trial.[1]  *See* Long Decl., Ex. 2.  Accordingly, Mr. Skeway satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.   Mr. Skeway Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  In assessing the largest financial interest, courts in the Third Circuit assess the following three factors in determining the movant with the largest financial interest: (i) the number of shares the movant purchased during the class period; (ii) the total net funds the movant expended during the class period; and (iii) the approximate loss the movant suffered.  *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

During the Class Period, Mr. Skeway purchased 32,000 shares of China Natural stock, he expended total net funds of $319,300.15, and suffered approximate loss of $155,508.05.  *See* Long Decl., Ex. 3.  Movant is not aware of any other movant that has a larger financial interest in China Natural stock during the Class Period.  Accordingly, Mr. Skeway satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### 3.   Mr. Skeway Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule

---

[1]  During the Class Period, Mr. Skeway purchased China Natural stock on his own behalf and on behalf of this wife, Lisa Skeway's IRA account.  Mr. Skeway made all investment decisions on both accounts and on the investment decision to purchase and retain China Natural shares.  Since 2005, Mr. Skeway has had Power of Attorney for Finances and Property for his wife.  Therefore, Mr. Skeway moves on behalf of both accounts.

5

23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Vicuron*, 225 F.R.D. at 511; *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Mr. Skeway fulfills the requirements of Rule 23. Each of his claims share substantially similar questions of law and fact with the members of the class, and his claims are typical of those of the members of the class. Mr. Skeway and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about China Natural's business. Mr. Skeway, as did all of the members of the class, purchased China Natural shares at prices artificially inflated by defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Mr. Skeway and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.

### 4. Mr. Skeway Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Mr. Skeway as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff['ic]s class" that the presumptively most adequate plaintiff:

    (a)    will not fairly and adequately protect the interest of the class; or

    (b)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Mr. Skeway's ability and desire to fairly and adequately represent the class have been discussed above, in Section C. Mr. Skeway is not aware of any unique defenses that defendants could raise against him that would render him inadequate to represent the class. Accordingly, the Court should appoint Mr. Skeway as Lead Plaintiff for the class.

### 5. Mr. Skeway's Selection of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Skeway has selected The Rosen Law Firm, P.A. as Lead Counsel and Rigrodsky & Long, P.A. as Liaison Counsel. The Rosen Law Firm, P.A. has been actively researching the class Plaintiff's claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants. Furthermore, both firms are experienced in the area of

securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Long Decl., Exs. 4, 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Mr. Skeway's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V. CONCLUSION

For the foregoing reasons, Mr. Skeway respectfully requests that the Court issue an Order (1) appointing him as Lead Plaintiff of the class; (2) approving his selection of The Rosen Law Firm as Lead Counsel and Rigrodsky & Long as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: October 25, 2010          Respectfully submitted,

**RIGRODSKY & LONG, P.A**

*/s/ Brian D. Long*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
919 N. Market Street, Suite 980
Wilmington, DE 19801
Telephone: (302) 295-5310
Fax: (302) 654-7530
Email: SDR@rigrodskylong.com
Email: BDL@rigrodskylong.com

[Proposed] Liaison Counsel for Plaintiffs and Class

8

        **THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
Phillip Kim
350 Fifth Avenue, Suite 5508
New York, NY 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

9