UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAXWELL VANDEVELDE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | C.A. No. 1:10-cv-00728-SLR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHINA NATURAL GAS, INC., QINAN JI, ZHIQIANG WANG, DONALD YANG, DAVID SHE, CARL YEUNG, and LAWRENCE LEIGHTON, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPPOSITION TO MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

BOUCHARD MARGULES &
  FRIEDLANDER, P.A.
Joel Friedlander (Bar No. 3163)
Sean M. Brennecke (Bar No. 4686)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500
Facsimile: (302) 573-3501
jfriedlander@bmf-law.com
sbrennecke@bmf-law.com

*[Proposed] Liaison Counsel*

Dated:  November 8, 2010

**TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ................................................................................ ii

I.   INTRODUCTION ....................................................................................1

II.  MR. CRIPPA IS THE MOST ADEQUATE PLAINTIFF AND HIS MOTION
     SHOULD BE GRANTED ........................................................................2

     A.   Mr. Skeway Does Not Qualify for the "Most Adequate Plaintiff"
          Presumption .................................................................................3

          1.   Skeway's Frequent Contacts with China Natural Gas's Public
               Relations Firm Subject Him to Unique Reliance Defenses ........3

          2.   Mr. Skeway's Belief that There "Was No Fraud" Precludes His
               Claims Here .........................................................................5

          3.   Mr. Skeway's Other Public Statements About His Trading in China
               Natural Gas Stock Make Him an Unsuitable Lead Plaintiff........6

     B.   Mr. Crippa Is the Presumptively Most Adequate Plaintiff .....................8

III. CONCLUSION.......................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)................................................................................................. 3

*Basic Inc. v. Levinson*,
485 U.S. 224 (1988)................................................................................................. 3

*City of Roseville Empls. Ret. Sys. v. Horizon Lines Inc.*,
No. 08-969, 2009 WL 1811067 (D. Del. June 18, 2009) .................................... 8

*Darvin v. Int'l Harvester Co.*,
610 F. Supp. 255 (S.D.N.Y. 1985)........................................................................ 6

*Dubin v. Miller*,
132 F.R.D. 269 (D. Colo. 1990) ........................................................................... 6

*Dura Pharms., Inc. v. Broudo*,
544 U.S. 336 (2005)................................................................................................. 3

*Grace v. Perception Tech. Corp.*,
128 F.R.D. 165 (D. Mass. 1989)........................................................................... 4

*In re Bank One S'holders Class Actions*,
96 F. Supp. 2d 780 (N.D. Ill. 2000) .................................................................... 8

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ...................................................................... 1, 2, 3, 8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3rd Cir. 2001) ................................................................................ 2

*In re Indep. Energy Holdings PLC Sec. Litig.*,
210 F.R.D. 476 (S.D.N.Y. 2002) .......................................................................... 4

*In re Schering Plough Corp. ERISA Litigation* ......................................................... 3

*J.H. Cohn & Co. v. Am Appraisal Assocs., Inc.*,
628 F.2d 994 (7th Cir. 1980) ................................................................................ 6

*Karnuth v. Rodale, Inc.*,
CIV.A. 03-742, 2005 WL 747251 (E.D. Pa. Mar. 30, 2005)......................... 5, 6

*Kline v. Wolf*,
88 F.R.D. 696 (S.D.N.Y. 1981) *aff'd* 702 F.2d 400 (2nd Cir. 1983) ............ 5, 7

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
259 F.3d 154 (3d Cir. 2001)........................................................................ 5, 6

*Schriver v. Impac Mortg. Holdings, Inc.*,
2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 2, 2006) ..................................... 4

*Semerenko v. Cendant Corp.*,
223 F.3d 165 (3d Cir. 2000)............................................................................ 3

*Shiring v. Tier Techs., Inc.*,
244 F.R.D. 307 (E.D. Va. 2007) ...................................................................... 4

*Vinson v. Seven Seventeen HB Phila. Corp.*,
No. CIV. A 00-6334, 2001 WL 1774073 (E.D. Pa. Oct. 31, 2001)..................... 6

**STATUTES**

15 U.S.C.
§78u-4(a)(3)(B)(i) ........................................................................... 1
§78u-4(a)(3)(B)(iii)(I)(bb) ............................................................. 2
§78u-4(a)(3)(B)(iii)(I)(cc)............................................................. 2
§78u-4(a)(3)(B)(iii)(II) .................................................................. 2
§78u-4(a)(3)(B)(iii)(II)(bb)............................................................ 3

Federal Rules of Civil Procedure Rule 23 ...................................................... 1

## I.      INTRODUCTION

Two motions for appointment as lead plaintiff are pending before the Court.  The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires the Court to determine which of these movants is "most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).   Only one movant, Richard Crippa, meets all of the PSLRA's requirements.

The "'most capable' plaintiff'" "is the one who has the greatest financial stake in the outcome of the case, *so long as* he meets the requirement of Rule 23."  *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (emphasis added and citations omitted).  While Robert Skeway purports to have the largest financial interest, he does not begin to satisfy Federal Rules of Civil Procedure Rule 23 ("Rule 23") requirements because:

- During the class period, he had numerous conversations with China Natural Gas, Inc.'s ("China Natural Gas" or the "Company") public relations firm, RedChip Companies, Inc. ("RedChip") which defendants will persuasively argue subjects him to unique defenses, namely, that Mr. Skeway cannot avail himself of the fraud-on-the-market presumption of reliance.  *See* Declaration of Sean M. Brennecke in Support of Opposition to Motion for Appointment as Lead Plaintiff ("Brennecke Decl."), Ex. A, filed concurrently herewith;

- During the class period, he frequently posted on Yahoo!'s China Natural Gas message board and urged shareholders to hold and acquire more stock because he was in it for "the long term" while, in fact, Mr. Skeway had started selling his stock.  See Brennecke Decl., Exs. B-F; *see* also Exhibit 2 to the Declaration of Brian D. Long in Support of Motion of Robert Skeway to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel ("Long Decl.") (D.I. 10) filed October 25, 2010; and

- Even after China Natural Gas revealed that it violated covenants governing previous investments and would restate its 2009 annual and first quarter 2010 financial statements, Mr. Skeway stated that he "agree[d] with th[e] assessment" of another internet poster that there was "no fraud" at the Company.   See Brennecke Decl., Ex. G at 2.  Such statements preclude Mr. Skeway's ability to credibly assert securities fraud allegations on behalf of the class here.

Where, as here, "the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria," or would be subject to unique defenses to his ability to satisfy Rule 23's requirements, then "the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Cavanaugh*, 306 F.3d at 730; 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (movant may not be appointed lead plaintiff if "subject to unique defenses."). That plaintiff is Richard Crippa, who faces no unique defenses. Mr. Crippa's claims are typical of the class and he is an adequate representative who retained experienced, competent counsel to ensure that the claims in this action are vigorously pursued on behalf of the class.

## II.    MR. CRIPPA IS THE MOST ADEQUATE PLAINTIFF AND HIS MOTION SHOULD BE GRANTED

"In appointing a lead plaintiff, the court's first duty is to identify the movant that is presumptively entitled to that status." *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3rd Cir. 2001). "The process begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'" *Id.* (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)). Importantly, the movant with the "largest financial interest" is not automatically entitled to lead plaintiff status. Rather, that movant must also "satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "If (for any reason) the court determines that the movant with the largest losses cannot make a threshold showing of typicality or adequacy," the court should "disqualify that movant from serving as lead plaintiff." *Cendant*, 264 F.3d at 267. "The court should then identify the movant with the next largest loss, consider whether that movant satisfies Rule 23's requirements, and repeat this process until a presumptive lead plaintiff is identified." *Id.*

### A.      Mr. Skeway Does Not Qualify for the "Most Adequate Plaintiff" Presumption

The typicality and adequacy requirements of Rule 23 "'serve as guideposts for determining whether . . . the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) (citations omitted); *see Cavanaugh*, 306 F.3d at 732.  Accordingly, a movant may not be appointed lead plaintiff if he is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(bb).  As the Third Circuit explained in *In re Schering Plough Corp. ERISA Litigation*, the "'challenge presented by a defense unique to a class representative' is that 'the representative's interests might not be aligned with those of the class, and the representative might devote time and effort to the defense at the expense of issues that are common and controlling for the class.'"  589 F.3d 585, 597 (3rd Cir. 2009) (citations omitted).  Where, as here, a movant faces unique defenses to their typicality or their adequacy, they are "not entitled to the presumption that [they are] the most adequate plaintiff[.]"  *Schriver v. Impac Mortg. Holdings, Inc*., No. SACV06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *27 (C.D. Cal. May 2, 2006).

### 1.      Skeway's Frequent Contacts with China Natural Gas's Public Relations Firm Subject Him to Unique Reliance Defenses

Reliance is an element of every securities fraud claim.  *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005).  To establish reliance, plaintiffs generally use the "fraud-on-the-market" presumption.  *See Basic Inc. v. Levinson*, 485 U.S. 224 (1988).  "The fraud on the market theory of reliance, however, creates only a presumption, which a defendant may rebut by raising any defense to actual reliance."  *Semerenko v. Cendant Corp*., 223 F.3d 165, 179 (3d Cir. 2000).  "Importantly, this presumption of reliance may be rebutted '[i]f a purchaser of stock

relies on non-market information that is not generally available to the public, and hence to the unnamed class representatives.'" *Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307, 314 (E.D. Va. 2007) (denying class certification based on evidence of personal contact with corporate representatives) (citations omitted). "***[A]ny*** reliance on non-market information means that 'he cannot be said to have relied on the integrity of the market, and is atypical of those who have so relied.'" *Id.* (emphasis added and citations omitted).[1]

Mr. Skeway is "subject to" the unique defense of non-reliance.  Indeed, Mr. Skeway frequently talked to China Natural Gas's investor relations firm, RedChip.  Brennecke Decl., Ex. A at 1, 12, 15, 18-19.  This suggests that Mr. Skeway relied in part on information other than that made generally available to the market in deciding to purchase and hold China Natural Gas stock, potentially rebutting the fraud on the market presumption.  For example, on May 22, 2010, Mr. Skeway stated that he talked to RedChip and was "surprised to find out" the primary reason behind the Company selling natural gas to homes.  Brennecke Decl., Ex. A at 1.  Additionally, on August 20, 2010, Mr. Skeway stated that he "both called and emailed RedChip for some clarification of market potential for LNG."  Brennecke Decl., Ex. A at 18.  The same day he received this clarification from RedChip, Mr. Skeway sold 8,000 shares of stock.

Mr. Skeway's frequent contact with RedChip virtually ensures that he will face unique reliance defenses that "could become the subject of considerable litigation, and thus, renders [Skeway's] claims atypical."  *Shiring*, 244 F.R.D. at 314.  Importantly, "'it does not matter whether a unique defense ultimately will prove meritorious,' instead, the presence of an arguable

---

[1] *See also In re Indep. Energy Holdings PLC Sec. Litig.*, 210 F.R.D. 476, 481 (S.D.N.Y. 2002) ("[W]here plaintiffs are privy to non-public information not available to other investors, they may be subject to unique reliance defenses making them atypical and inadequate class representatives."); *Grace v. Perception Tech. Corp.*, 128 F.R.D. 165, 169 (D. Mass. 1989) ("[I]f a plaintiff has relied on non-market information that plaintiff may be subject to unique defenses at trial.").

defense is sufficient to find atypicality." *Id.* (citations omitted).  Because Mr. Skeway is undeniably "subject to" this unique defense, he does not satisfy Rule 23 and cannot be appointed as lead plaintiff.

> **2.    Mr. Skeway's Belief that There "Was No Fraud" Precludes His Claims Here**

"'It is axiomatic that a private action for securities fraud must be dismissed when a plaintiff fails to plead that he or she reasonably and justifiably relied on an alleged misrepresentation.'" *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 174 (3d Cir. 2001) (citations omitted).  In other words, a plaintiff must be defrauded.  Here, unlike the members of the class who seek damages for defendants' violations of §§10(b) and 20(a), *Mr. Skeway publicly stated that he was not a victim of fraud*.  Just a month before seeking appointment as lead plaintiff, Mr. Skeway stated on the Yahoo! message boards that he "agree[d]" with another internet poster's statement that there was "no earnings issues/manipulation," "no fraud," and "no fundamental financial issues" -- China Natural Gas's major restatement merely reflected "common growing pains for any start up company." Brennecke Decl., Ex. G at 1-2.  Rather, according to this poster, *Id.*  Mr. Skeway cannot have it both ways – either he was a victim of fraud or not.

Credibility issues that go to the heart of a §10(b) claim render Mr. Skeway an inadequate and atypical candidate to lead the class.  *See Kline v. Wolf*, 88 F.R.D. 696, 700 (S.D.N.Y. 1981), *aff'd* 702 F.2d 400 (2d Cir. 1983) (proposed representative's credibility problem could divert "attention from the substance of the basic claim" and thus harm "[t]he remaining members of the class."); *Karnuth v. Rodale, Inc.*, CIV.A. 03-742, 2005 WL 747251, at *3 (E.D. Pa. Mar. 30, 2005) ("To deny certification, a court need not conclude that credibility problems would

ultimately defeat the class representative's claim; rather, the court may deny class treatment if that unique defense is even arguably present.") (citing *Kline*, 702 F.2d at 403).[2]

Even if Mr. Skeway's sudden about-face is genuine and he now believes that the defendants' conduct amounts to securities fraud, his public comments "could create significant problems with respect to plaintiff's credibility and could become the focus of cross examination and unique defenses at trial, to the detriment of the class." *Darvin v. Int'l Harvester Co.*, 610 F. Supp. 255, 257 (S.D.N.Y. 1985). As such, Mr. Skeway is not the plaintiff most capable of fairly and adequately representing the interests of the class.

### 3. Mr. Skeway's Other Public Statements About His Trading in China Natural Gas Stock Make Him an Unsuitable Lead Plaintiff

Mr. Skeway's claim that no fraud occurred at the Company is not his only problematic post. In this year alone, Mr. Skeway has posted ***over 150 comments*** on the Yahoo! message boards concerning China Natural Gas. The sheer number of Mr. Skeway's posts raises questions about whether he is typical of the class and provides ample fodder for defendants to challenge class certification. The content of Mr. Skeway's posts raises serious concerns about his intentions and credibility. As set forth in the table below, Mr. Skeway told fellow shareholders that he planned to purchase or had no plans to sell the Company's stock, but did just the opposite:

---

[2] *See also J.H. Cohn & Co. v. Am Appraisal Assocs., Inc.*, 628 F.2d 994, 998-99 (7th Cir. 1980) (existence of arguable defense may bring adequacy of representation into question); *Dubin v. Miller*, 132 F.R.D. 269, 272 (D. Colo. 1990) (class certification should be denied if representative has credibility issues); *Vinson v. Seven Seventeen HB Phila. Corp.*, No. CIV. A 00-6334, 2001 WL 1774073, at *24 (E.D. Pa. Oct. 31, 2001) ("The adequacy of representation requirement encompasses the inquiry of whether "the [class] representatives and their attorneys will competently, responsibly and ***vigorously prosecute the suit***.") (emphasis added).

| DATE | STATEMENTS | CERTIFICATION[3] |
|------|-----------|------------------|
| July 2, 2010 | "I am adding shares in .40 increments here." [4] | Skeway last purchased CHNG stock on April 9, 2010. |
| August 10, 2010 | "I have been picking up Dec Calls, strike price of $10 right now..."[5] | Skeway last purchased a China Natural Gas security on April 9, 2010.  In fact, ten days later, Skeway sells 8,000 shares (all of his personal holdings) on August 20, 2010. |
| August 17, 2010 | "I am OK holding my shares for the long term."[6] | Three days later, Skeway sells 8,000 shares. |
| August 18, 2010 | "I am holding my shares in my IRA no margin, no hurry to sell.  Let the LNG plant and River business roll out then look at the price"[7] | Two days later, Skeway sells 8,000 shares |
| August 19, 2010 | "I will hold this stock at this time and wait to see how the LNG and NG sales, Riverboat sales roll out.  I will be calling Red Chip to suggest a press release discussing LNG and NG distribution options in general without comprising CHNG marketing information. This should help demonstrate the market potential given the successful | One day prior to Skeway selling 8,000 shares.  Between September 2, 2010 and September 20, 2010, Skeway, as Attorney-in-Fact for Lisa Skeway, sells all 24,000 shares she holds. |

---

[3] See Long Decl., Ex. 2.

[4] Brennecke Decl., Ex. B at 1.

[5] Brennecke Decl., Ex. C at 1.

[6] Brennecke Decl., Ex. D at 1.

[7] Brennecke Decl., Ex. E at 2.

[8] Brennecke Decl., Ex. F at 1-2.

| | completion of the LNG facility."[8] | |
|---|---|---|
| | | |

Even if they can be explained, Mr. Skeway's statements will undoubtedly become a serious distraction at class certification and/or trial, to the detriment of the class. "Taken all in all," these problems preclude Mr. Skeway from qualifying "'for the most adequate plaintiff's designation.'" *In re Bank One S'holders Class Actions*, 96 F. Supp. 2d 780, 784 (N.D. Ill. 2000). Accordingly, the Court should deny Mr. Skeway's motion.

### B.     Mr. Crippa Is the Presumptively Most Adequate Plaintiff

Unlike Mr. Skeway, Mr. Crippa is entirely adequate and typical. Mr. Crippa's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members, and are therefore typical of the class. *See City of Roseville Emps. Ret. Sys. v. Horizon Lines Inc.*, No. 08-969, 2009 WL 1811067, at *2 (D. Del. June 18, 2009). In addition, Mr. Crippa faces no conflict of interest, has retained experienced, competent counsel, and intends to represent the class vigorously, as required of an adequate class representative. *Id.* Since Mr. Crippa is "both willing to serve [as lead plaintiff] *and* satisfies the requirements of Rule 23," the Court should grant his motion for lead plaintiff. *Cavanaugh*, 306 F.3d at 730 (emphasis added).

### III.    CONCLUSION

Whatever the magnitude of Mr. Skeway's losses, the unique defenses to which he will be subject defeat any presumption in his favor and disqualify him from being appointed lead plaintiff. Only Mr. Crippa satisfies Rule 23's requirements without risk of unique, burdensome and distracting defenses. Mr. Crippa's motion for appointment as lead plaintiff should therefore be granted.

Dated: November 8, 2010

BOUCHARD MARGULES &
  FRIEDLANDER, P.A.

*/s/ Sean M. Brennecke*

Joel Friedlander (Bar No. 3163)
Sean M. Brennecke (Bar No. 4686)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: (302) 573-3500
Facsimile: (302) 573-3501
jfriedlander@bmf-law.com
sbrennecke@bmf-law.com

*[Proposed] Liaison Counsel*

ROBBINS UMEDA LLP
Brian J. Robbins
Craig W. Smith
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsumeda.com
csmith@robbinsumeda.com

*[Proposed] Lead Counsel*