IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ROBERT SKEWAY AND RAIMUNDO JO-FUNG, Individually and On Behalf of All Others Similarly Situated, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 10-728-RGA |
| | : | |
| CHINA NATURAL GAS, INC., et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

The Plaintiffs filed their Amended Complaint on October 11, 2011. (D.I. 28). Before the Court is the Motion to Dismiss filed by Defendants China Natural Gas, Inc. and Lawrence Leighton (D.I. 36) and related briefing (D.I. 37, 40, 41, 45, 47, 48, 49, 50, 51, 52). Defendants have requested that the Court, in ruling on the motion to dismiss, take judicial notice of a complaint filed by the Securities and Exchange Commission on May 14, 2012. (D.I. 48). The SEC's complaint is 26 pages long and has 15 pages of factual allegations. (D.I. 48-1).

At oral argument on June 28, 2012, Plaintiffs relied substantially on the allegations contained within the SEC's complaint.

I do not believe it appropriate for me to rewrite the Plaintiffs' Amended Complaint with an infusion of facts from the SEC's complaint. While there may be situations in which it would be appropriate to take judicial notice of an SEC complaint for one or more purposes, I do not believe this is such a situation or such a purpose. Given the Plaintiffs' reliance on the facts in the SEC's complaint at oral argument, I think I am justified in concluding that Plaintiffs have

1

effectively admitted that the complaint is insufficient.

Plaintiffs have two claims. With regard to Plaintiffs' claim against China Natural Gas, Inc. under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, the claim is dismissed without prejudice.

With regard to Plaintiffs' claim against Lawrence Leighton under Section 20(a) of the Exchange Act, Plaintiffs have failed to state a claim because they fail to plead, at least, that Leighton controlled China Natural Gas. Plaintiffs allege that Leighton was a "member[] of [China Natural Gas's] Audit Committee;" that the Committee by "charter" had certain duties; and that "[b]y virtue of [his] position on the Audit Committee . . . Leighton . . . [was a] control person[] of [China Natural Gas] and had control over the primary securities violations of [China Natural Gas, its CEO, and its CFO]." (D.I. 28, ¶¶ 222-24). Plaintiffs allege Leighton had the power to influence and control, and did influence and control, China Natural Gas' decisionmaking, including the content and dissemination of the financial statements at issue. *Id.* ¶ 225. Leightton is also alleged to have had "direct and supervisory involvement in the day-to-day operations of [China Natural Gas]." *Id.* ¶ 226. Stripped of boilerplate and generalities, the only factual allegation regarding Leighton is that he was a member of the Board of Directors and on the Audit Committee. *Id.* ¶ 32. Plaintiffs rely solely on Leighton's membership on the Audit Committee to allege that he was a control person under Section 20(a), without any additional factual allegations.

That bare fact is insufficient to show control. A claim under Section 20(a) must state with particularity the circumstances of the defendant's control of the primary violator. *See Snowstorm Acquisition Corp. v. Tecumseh Products Co.*, 739 F.Supp.2d 686, 707 (D.Del. 2010) (Robinson,

2

J.); *In re Digital Island Securities Litigation*, 223 F.Supp.2d 546, 560-61 (D.Del. 2002) (Sleet, J.) (concluding that "unsupported allegations regarding management responsibilities fail to allege with the requisite specificity that the individual defendants played a role in the alleged nondisclosures").[1] Unlike the director defendant in *Snowstorm*, Leighton was not alleged to have primary responsibility for any portion of China Natural Gas' operations or to be a "major player" in those operations. *See* 739 F.Supp.2d at 707-08. The allegations here are more like those in *In re Digital Island*, which "[a]t best . . . allege[] a factual predicate for the individual defendant['s] knowledge of the purported misstatements. Such allegations alone are insufficient to establish Section 20(a) culpability." *See* 223 F.Supp.2d at 563. Plaintiffs' Section 20(a) claim against Leighton is dismissed without prejudice.

Defendants' Motion to Dismiss (D.I. 36) is **GRANTED.** The Complaint against China Natural Gas and Lawrence Leighton is **DISMISSED WITHOUT PREJUDICE.** Plaintiffs are **GRANTED LEAVE TO AMEND** their complaint within twenty-one days of this Order.

Entered this 6th day of July, 2012.

United States District Judge

---

[1] Plaintiffs cite *In re Reliance Securities Litigation*, 91 F.Supp.2d 706 (D.Del. 2000) as the only Delaware authority providing that alleging membership on an Audit Committee alleges sufficient control under Section 20(a). (D.I. 51). Since this case does not apply the heightened pleading standard of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4(b), its persuasive value is not great. Even in the absence of the Private Securities Litigation Reform Act of 1995, recent Supreme Court cases would have also undercut the case's persuasive value.