IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Robert Skeway and Raimundo Jo-Fung,
Individually and On Behalf of All Others
Similarly Situated,

        Plaintiffs,

v.

China Natural Gas, Inc., Qinan Ji, and
David She,

        Defendants.

Case No. 1:10-CV-728-RGA

**MEMORANDUM ORDER**

Presently before the Court is Plaintiffs' motion for default judgment against defendant Qinan Ji. (D.I. 99).

**I. Default Judgment is Proper**

There are three factors for this Court to consider when deciding whether default judgment is proper: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

The complaint was filed on August 26, 2010. Defendant Qinan Ji was served on October 17, 2011. He has not answered the complaint or otherwise appeared. Plaintiffs cannot proceed further against Ji other than by seeking a default judgment. Plaintiffs would be prejudiced by

further delay in having a judgment entered in their favor. At this point in the litigation, Ji has not asserted any defenses. It does not appear that Ji has "a litigable defense." *Chamberlain*, 210 F.3d at 164. Finally, because Ji has been served with process, and still refused to answer the complaint, it appears that his "delay is due to culpable conduct." *Id.* All three factors support the entry of a default judgment.

## II. Judgment in the Amount of $10.4 Million is Appropriate for the Class

Plaintiffs' expert has determined the amount Plaintiffs lost as a result of the Defendant's misrepresentations and omissions.[1] The expert concluded that Plaintiffs were entitled to $10.4 million after performing an event study. "An event study is a statistical regression analysis that examines the effect of an event on a dependent variable, such as a corporation's stock price." *In re Imperial Credit Indus., Inc. Sec. Litigation*, 252 F.Supp. 2d 1005, 1014 (C.D. Cal. 2003). The Third Circuit has stated that the court does not "view the event study as an impermissible methodology." *United States v. Schiff*, 602 F.3d 152, 174 n. 31 (3d Cir. 2010). The event study is an accepted method to determine values such as Plaintiffs' loss as a result of Defendant's conduct. Plaintiffs have shown through an expert who relied on this methodology that Plaintiffs are entitled to $10.4 million. Judgment in the amount of $10.4 million is appropriate.

Although it would be possible to hold a hearing to determine the amount Plaintiffs are entitled to, such a hearing would not present any new evidence since Ji has not appeared in this case. Any hearing would only be a restatement of what is included in the report attached to Plaintiffs' motion for default judgment against Ji. It would not be subject to cross-examination. Therefore, a hearing would not be helpful. Thus, the Court will not hold an evidentiary hearing.

---

[1] According to the Complaint, which I accept as true, Ji is the prime individual culprit, and all losses are properly his responsibility.

The Court will enter a separate judgment.

Entered this 30th day of January, 2015

Richard G. Andrum
United States District Judge