# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT SKEWAY AND RAIMUNDO JO-FUNG, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CHINA NATURAL GAS, INC., QINAN JI, and DAVID SHE,<br>　　　　Defendants. | Civil Action No. 1:10-CV-728-RGA<br>Hon. Richard G. Andrews<br><br>Class Action |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS (i) Lead Plaintiff Robert Skeway ("Lead Plaintiff") and named Plaintiff Raimundo Jo-Fung ("Named Plaintiff," and with Lead Plaintiff, the "Plaintiffs"), on behalf of themselves and the class; (ii) Alan Nisselson in his capacity as the trustee  for the Chapter 7 debtor China Natural Gas, Inc. (the "Trustee") in the bankruptcy case captioned *In re China Natural Gas, Inc.*, Case No. 13-10419 (SHL), pending before the United States Bankruptcy Court for the Southern District of New York, and on behalf of China Natural Gas; and (iii) China Natural Gas's insurer, XL Insurance Company SE ("XL") have agreed to settlement of all claims asserted in this Action  against all of the Defendants;

WHEREAS the Plaintiffs, the Trustee and XL entered into a Stipulation of Settlement, dated January 28, 2016 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the

terms and conditions for the proposed Settlement of the Action and all claims alleged in the Complaint on the merits and with prejudice; and

WHEREAS the Court has read and considered the Stipulation, the proposed "Joint Notice of Pendency of Class Actions and Proposed Settlements" (the "Notice"), the proposed "Summary Notice of Pendency of Class Actions and Proposed Settlements" (the "Summary Notice"), the proposed Plan of Allocation of the Net Settlement Fund among Participating Class Members, the proposed form of the Proof of Claim and Release (the "Proof of Claim"), the proposed form of Order and Final Judgment, and submissions made relating thereto, and finds that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 1st day of February, 2016 that:

1. Unless indicated otherwise, capitalized terms used herein have the same meanings set forth in the Stipulation.

2. Pursuant to the Court's Order dated June 18, 2014 (Dkt. No. 95), the Action was certified as a class action on behalf of all persons or entities that purchased or otherwise acquired the publicly traded common stock of China Natural Gas, Inc. between March 10, 2010 and September 21, 2011, inclusive. Excluded from the Class are China Natural Gas, the Individual Defendants, members of the Individual Defendants' families, any entity the Individual Defendants and/or China Natural Gas have a controlling interest of are a parent or subsidiary of, or which is controlled by China Natural Gas, and the present or former officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns of the Individual Defendants and/or China Natural Gas (the "Class").

3.      Pursuant to this Order, additionally excluded from the Class are those Persons who file valid and timely requests for exclusion in accordance with this Order.

4.      The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on June 2  2016 at 9 :30 A .m. for the following purposes:

a.      to finally determine whether the Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

b.      to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

c.      to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Persons as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

d.      to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

e.      to consider the application of Lead Counsel for an award of Attorneys' Fees and Expenses and an Award to Plaintiffs;

      f.      to consider any objections to the Settlement, whether submitted previously in writing or presented orally at the Settlement Hearing by members of the Settlement Class (or by counsel on their behalf); and

      g.      to rule upon such other matters as the Court may deem appropriate.

5.      The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded any Attorneys' Fees and Expenses or Award to Plaintiffs.

6.      The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where to do so would not impair the rights of members of the Settlement Class in a manner inconsistent with Rule 23 and due process of law.

7.      The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice and (c) the Proof of Claim, all of which are exhibits to the Stipulation.

8.      Lead Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

9.      Any member of the Settlement Class may enter an appearance in the Action at his, her or its own expense, individually or through counsel of his, her or its own choice. Members of the Settlement Class who do not enter appearances shall be represented by Lead

Counsel. Any member of the Settlement Class who anticipates the need and wishes to appeal any aspect of the Stipulation or Settlement should formally move to intervene as a party under Rule 24 of the Federal Rules of Civil Procedure.

10.    Strategic Claims Services is approved as the Claims Administrator for the Settlement.

11.    Lead Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within sixteen (16) business days of the entry of this Order or sixteen (16) business days of the Bankruptcy Court's entry of an order approving the proposed Settlement, whichever comes later, to all members of the Settlement Class who can be identified with reasonable effort by the Claims Administrator.

12.    Lead Counsel are authorized to establish a Notice and Administration Account (as defined in the Stipulation) of $100,000 (One Hundred Thousand Dollars), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses. After the Effective Date, additional amounts may be transferred from the Settlement Fund to the Notice and Administration Account.

13.    Any and all issuers, securities firms or transfer agents holding transfer records which indicate the legal owners of China Natural Gas common stock currently or during the Class Period are hereby ordered to produce such transfer records in a usable electronic format to Lead Counsel or the Claims Administrator within fourteen (14) calendar days of receipt of a copy of this Order.  Any fees or costs associated with obtaining the transfer records shall be paid from the Notice and Administration Account.

14.     Lead Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other Persons who purchased China Natural Gas common stock during the Class Period. Within ten (10) calendar days after receiving the Notice, such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and in the latter case, the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners (such nominees may be reimbursed for reasonable costs, (or not to exceed $0.15 per name and address provided) to provide the names and addresses to the Claim Administrator). Additional copies of the Notice shall be delivered to any nominee requesting same for the purpose of distribution by the nominee to beneficial owners, and nominees shall be reimbursed from the Settlement Fund in an amount not to exceed $0.75 per Notice mailed by the nominee for the expense of sending the Notice and Proof of Claim to beneficial owners. In addition, promptly upon execution of this Order, the Notice shall be made available for review on Strategic Claims Services' website.

15.     Lead Counsel shall, at or before the Settlement Hearing, serve upon Defendants' counsel, and file with the Court, proof of mailing of the Notice and Proof of Claim, both to members of the Settlement Class and to nominees.

16.     Lead Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within sixteen (16) business days after the entry of this Order or sixteen (16) business days of the Bankruptcy Court's entry of an order approving the proposed Settlement,

whichever comes later. Lead Counsel shall, at or before the Settlement Hearing, serve upon Defendants' counsel and file with the Court proof of publication of the Summary Notice.

17.     The forms and methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto. No member of the Settlement Class will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Person failed to receive actual or adequate notice.

18.     In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Participating Class Member shall take the following action and be subject to the following conditions:

        a.     A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, and received no later than sixty (60) calendar days from the date of this Order. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to

7

have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

b.   The Proof of Claim submitted by each Participating Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Plaintiffs' Counsel; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Participating Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c.   Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise

rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

d.    For the filing of and all determinations concerning their Proof of Claim, each Participating Class Member shall submit to the jurisdiction of the Court.

19.    All Participating Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects by subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

20.    Members of the Settlement Class shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A member of the Settlement Class wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing or _____ 2016, to the addresses listed in the Notice. Such request for exclusion shall clearly state the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, state that the sender specifically requests to be excluded from the Class, and must be signed by such Person. Such Persons requesting exclusion are also required to specify all their purchases and sales of China Natural Gas common stock during the Class Period, including the date, number of shares and price of the shares purchased or sold and include account documentation substantiating such purchases and sales. The request for exclusion shall not be effective unless it provides the

required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

21.     Members of the Settlement Class requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund.

22.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses and any payment to Plaintiffs, only if such comments or objections and any supporting papers are served to be received at least fourteen (14) calendar days prior to the Settlement Hearing, upon each of the following:

**COUNSEL FOR PLAINTIFFS AND THE CLASS:**

Laurence M. Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016


**COUNSEL FOR ALAN NISSELSON AS CHAPTER 7 TRUSTEE OF DEFENDANT CHINA NATURAL GAS, INC.:**

Jerome S. Fortinsky, Esq.
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022

and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, United States District Court, J. Caleb Boggs Federal Building, 844 North King Street, Wilmington, Delaware 19801. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses or Award to Plaintiffs are required to state in their written

objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce in evidence at the Settlement Hearing. Members of the Settlement Class do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

23.    Any member of the Settlement Class who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application for an award of Attorneys' Fees and Expenses and a payment to Plaintiffs.

24.    The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

25.    All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Plaintiffs shall be filed and served twenty-eight (28) calendar days before the Settlement Hearing.

26.    Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Plaintiffs shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

27.    Pending final determination of whether the Settlement should be approved, all members of the Settlement Class, and each of them, and anyone acting or purporting to act for

11

any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Released Claims. In addition, the Action is stayed.

28.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor any statements made, acts performed or documents executed in the negotiation of, pursuant to or in furtherance of the Stipulation or the Settlement:

a)  shall be offered or received against any of the Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Defendants with respect to the truth of any fact alleged by the Class Plaintiffs or the validity of any claim that was or could have been asserted against any of the Defendants in this action or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Defendants;

b) shall be offered or received against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendants, or against any of the Class Plaintiffs or any other members of the Settlement Class as evidence of any infirmity in the claims of the Class Plaintiffs or the other members of the Settlement Class;

c) shall be offered or received against any of the Defendants or against any of the Class Plaintiffs or any other members of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, or against any of the Class Plaintiffs or any other members of the Settlement Class, in any other

12

civil, criminal or administrative action, arbitration or proceeding, other than such
proceedings as may be necessary to effectuate the provisions of this Stipulation;

d)  shall be construed against any of the Defendants, the Class Plaintiffs or any other
member of the Settlement Class as a presumption, concession or admission that the
consideration to be given hereunder represents the amount that could be or would have
been recovered after trial;

e) shall be construed as or received in evidence as a presumption, concession or
admission against the Class Plaintiffs or any other member of the Settlement Class that
any of their claims are without merit or that damages potentially recoverable in the
Securities Class Action would not have exceeded the settlement amount; and

f) shall be construed as or received in evidence as a presumption, concession or
admission against the Defendants that any of its defenses are without merit or that any
damages would have been recoverable in the Securities Class Action.

29.    In the event the Settlement is not consummated pursuant to its terms, the
Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this
Order, shall be null and void, of no further force or effect, and without prejudice to any Settling
Party, and may not be introduced as evidence or referred to in any action or proceedings by any
Person, and each party shall be restored to his, her or its position before the execution of the
Stipulation, pursuant to the terms of the Stipulation.

30.    The Court retains exclusive and specific jurisdiction over the action to consider all
further matters arising out of, or relating to, the Settlement, including by way of illustration and
not limitation, any dispute concerning any Proof of Claim filed by any Participating Class
Member and any future requests by one or more of the Settling Parties that the Final Order and

Judgment, the Releases and/or the permanent injunction set forth in the Stipulation be enforced. Notwithstanding the foregoing, by entering into the Stipulation and Settlement, the Settling Parties shall not be deemed to have submitted generally to the jurisdiction of the Court or to the State of Delaware or for any purpose other than as set forth in this paragraph.

Dated: _February 1_, 2016

HON. RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE

## EXHIBIT A-1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br>CHINA NATURAL GAS, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 13-10419 (SHL)<br><br>Pending in the United States Bankruptcy<br>Court for the Southern District of New York |
| ALAN NISSELSON, as Chapter 7 Trustee of<br>the Estate of China Natural Gas, Inc., and<br>HAITHAM J. KOUSA, ROBERT<br>MALLANO, and RICK STEINMETZ, on<br>behalf of themselves and all others similarly<br>situated,<br><br>Plaintiffs,<br><br>vs.<br><br>QINAN JI, ZHIQIANG WANG,<br>LAWRENCE W. LEIGHTON, FRANK<br>WAUNG, YANG XIANG DONG, and<br>CHINA NATURAL GAS, INC.,<br><br>Defendants. | Civil Action No. 15-0299-RGA<br><br>(Stockholder Action) |
| ROBERT SKEWAY AND RAIMUNDO JO-<br>FUNG, Individually and On Behalf of All<br>Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CHINA NATURAL GAS, INC., QINAN JI,<br>and DAVID SHE,<br><br>Defendants. | Civil Action No. 10 -728-RGA<br><br>(Securities Action) |

**JOINT NOTICE OF PENDENCY OF CLASS ACTIONS AND PROPOSED
SETTLEMENTS**

**A Federal Court Authorized This Notice.  This Is Not A Solicitation From A Lawyer.**

To:    **All China Natural Gas, Inc. ("CHNG" or the "Company") stockholders and their
successors in interest and transferees, immediate and remote, who held CHNG stock
as of April 30, 2012, ("Stockholder Class" or "Stockholder Class Members") and all
persons or entities who purchased or otherwise acquired the publicly traded
common stock of CHNG between March 10, 2010 and September 21, 2011,
inclusive, ("Securities Class" or "Securities Class Members").**

- **Please read this notice carefully.**

- **If you wish to comment in favor of the Settlements or object to the Settlements,
  you must follow the directions in this Notice.**

- **You may be eligible to receive money from the Settlements of these Actions.**

- **Your legal rights may be affected by these Actions.**

- **To receive money from one or both of the Settlements, you must submit a valid
  Proof of Claim and Release Form ("Claim Form") postmarked on or before
  _____, 2016.**

- **If you do not wish to participate in one of both of the Settlements, you may
  request to be excluded from one or both of the Settlements by sending a written
  request for exclusion, in accordance with the directions set forth in this Notice,
  that must be received on or before _____, 2016.**

**Notice of Settlements:**

1.      Please be advised that a proposed settlement (the "Stockholder Settlement") has
been reached by the parties in the above-captioned class action entitled *Nisselson v. Ji*, Civil
Action No. 15-0299-RGA ( "Stockholder Action") pending in the United States District Court
for the District of Delaware (the "Court") for a total of $1,400,000 in cash (the "Stockholder
Settlement Fund").  Of this Settlement Fund, $1,150,000 is the "Stockholder Settlement
Amount" for the benefit of the Class.  Upon the Court's final approval of the Stockholder
Settlement, and after deduction of Court-approved attorneys' fees and expenses, notice and
administration expenses, and taxes and tax expenses, the remainder will be available for
distribution to Stockholder Class Members who submit a timely and valid Claim Form.

2.      Please be advised that a proposed settlement (the "Securities Settlement") has also
been reached by the parties in the above-captioned class action entitled *Skeway v. China Natural
Gas, Inc.*, Civil Action No. 10-cv-728 ("Securities Action"), also pending in the United States
District Court for the District of Delaware, for a total of $1,500,000 in cash (the "Securities
Settlement Fund").  Upon the Court's final approval of the Securities Settlement, and after

deduction of Court-approved attorneys' fees and expenses, notice and administration expenses, and taxes and tax expenses, the remainder will be available for distribution to Securities Class Members who submit a timely and valid Claim Form.

> YOU MAY BE ENTITLED TO A PAYMENT FROM ONE OR BOTH OF THE SETTLEMENTS DEPENDING ON THE DATES YOU PURCHASED, HELD AND/OR SOLD STOCK IN CHINA NATURAL GAS.

The Court has preliminarily approved the Stockholder Settlement and the Securities Settlement (the "Settlements"). The terms and conditions of both the Stockholder Settlement and the Securities Settlement are set forth in the stipulations that pertain to each. Copies of both stipulations are available at www._____.com. The Court has preliminarily certified the Stockholder Class for settlement purposes only. The Court has already certified a Class in the Securities Action. You have received this Notice because the parties' records indicate that you may be a member of one or both of the classes. This Notice is designed to inform you of your rights, how you can submit a Claim Form, and how you can comment in favor of the Settlements or object to the Settlements. If the Settlements are finally approved by the Court, the Settlements will be binding upon you, unless you exclude yourself, even if you do not submit a Claim Form to obtain money from either of the two settlement funds and even if you object to the Settlements.

There will be a hearing on both of the Settlements (the "Settlement Hearing") before the Honorable Richard G. Andrews, United States District Judge, on _____, 2016, at ___:___ __.m., in Courtroom 6A of the United States Courthouse, J. Caleb Boggs Federal Building, located at 844 North King Street, Wilmington, Delaware 19801.

## I.  Your Legal Rights and Options in the Settlements

| | |
|---|---|
| Submit a Claim Form Postmarked By_____. | This is the only way to be eligible to get a payment in connection with one or both of the Settlements. |
| Exclude Yourself from One Or Both Of The Settlements by Submitting a Written Request Received No Later Than_____. | If you exclude yourself from one or both of the classes, you will not be eligible to get any payment from either of the settlement funds. This is the only option that allows you to be part of any other lawsuit against any of the Defendants or the other Released Persons concerning the Released Claims (as defined below). |
| Object to One Or Both Settlements By Submitting a Written Objection so It Is Received No Later Than_____. | If you do not like one or both of the proposed Settlements, the proposed Plans of Allocation, or the Fee and Expense Applications (as described further below), you may write to the Court and explain why you do not like them. You cannot object to the Settlements, the Plans of Allocation, or the Fee and Expense Applications unless you are a Stockholder Class Member or Securities Class Member and do not exclude yourself. |

| Go to the Settlement Hearing on _____ and File A Notice of Intention To Appear No Later Than_____. | Filing a written objection and notice of intention to appear allows you to speak in Court about the fairness of one or both of the Settlements, the Plans of Allocation, and/or the Fee and Expense Applications. If you submit a written objection, you may (but do not have to) attend the hearing and speak to the Court about your objection. |
| Do Nothing | If you are a member of one of both of the classes and you do not submit a Claim Form by_____, you will not be eligible to receive any payment from the settlement fund in either the Stockholder Action or the Securities Action. You will, however, remain a member of the class or classes, which means that you give up your right to sue about the claims that are resolved by the Settlements and you will be bound by any judgments or orders entered by the Court pertaining to the class actions in the Actions. |

## II.    Common Questions and Answers Concerning the Settlements

### A.    Why did I get this Notice?

This Notice is being sent to you pursuant to orders of the Court because you, someone in your family, or an investment account for which you serve as a custodian may have: (1) purchased CHNG stock on or before April 30, 2012 and held CHNG stock as of that date; and/or (2) purchased or otherwise acquired CHNG stock between March 10, 2010 and September 21, 2011, inclusive. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlements. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. If the Court approves the Settlements and the Plans of Allocation (or some other plans of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlements and the Court-approved Plans of Allocation after any objections and appeals are resolved. This Notice is also being sent to inform you of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlements, the proposed Plans of Allocation, and the Fee and Expense Applications.

In a class action lawsuit, a court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members. A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. Once a class is certified, the presiding court must resolve all issues on behalf of the class members, except for any persons or entities who choose to exclude themselves from the class.

In the Stockholder Action, the Court appointed Plaintiffs Haitham J. Kousa, Robert Mallano, and Rick Steinmetz to serve as "Stockholder Class Representatives" under Rule 23 of the Federal Rules of Civil Procedure, and appointed Wohl & Fruchter LLP as "Stockholder Class

Counsel." The Court has preliminarily certified the Stockholder Action to proceed as a class action for settlement purposes only.

In the Securities Action, the Court appointed Plaintiffs Robert Skeway and Raimundo Jo-Fung to serve as "Securities Class Representatives" under Rule 23 of the Federal Rules of Civil Procedure, and appointed the Rosen Law Firm, P.A. as "Securities Class Counsel." The Court has already certified the Securities Action as a class action.

This Notice does not express any opinion by the Court concerning the merits of any claim in the Stockholder Action or the Securities Action (the "Actions"), and the Court still has to decide whether to approve the Settlements. If the Court approves the Settlements and the Plans of Allocation, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.

### B.   What are these lawsuits about?

#### 1.   The Stockholder Action

The Stockholder Action is known as *Nisselson v. Ji*, Civil Action No. 15 -0299-RGA, in the United States District Court for the District of Delaware.

The Stockholder Plaintiffs alleged that, as members of the Company's board of directors, the Defendants (including Lawrence W. Leighton, Frank Waung, and Yang Xiang Dong), Zhiqang Wang, and Qinan Ji breached their fiduciary duties to the Company and its shareholders. Specifically, the Stockholder Plaintiffs alleged that the Defendants, Wang, and Ji allowed Ji to engage in self-dealing transactions, including making related-party loans, and caused the Company to make false and misleading statements in its financial statements. The Stockholder Plaintiffs further allege that, as a result of the failure of the Defendants, Wang, and Ji to maintain adequate internal controls at the Company, the NASDAQ delisted CHNG's securities on April 30, 2012. The Stockholder Plaintiffs initially filed a class action and derivative complaint in the Chancery Court of Delaware on May 22, 2012, seeking damages as a result of the delisting of CHNG stock on behalf of the Class (*Kousa v. Ji*, C.A. No. 7559-VCL (the "Chancery Court Action")).

On February 8, 2013, an involuntary petition for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), was filed against CHNG by certain of its creditors in the United States Bankruptcy Court for the Southern District of New York, Case No. 13-10419 (SHL) (the "Bankruptcy Case"). On July 9, 2013, the Bankruptcy Court entered an Order for Relief under the Bankruptcy Code.

On July 2, 2014, the Bankruptcy Court entered an Order converting the Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code. On July 3, 2014, the United States Trustee appointed Alan Nisselson as interim trustee for the CHNG bankruptcy estate, who thereafter qualified as permanent trustee (the "Trustee"). On December 9, 2014, the Bankruptcy Court entered an Order granting the Trustee's application to retain and employ Wohl & Fruchter LLP as special litigation counsel with respect to derivative claims asserted in the Chancery Court Action that were now the property of the CHNG bankruptcy estate.

On April 8, 2015, in light of the pending Bankruptcy Court proceedings, the Stockholder Plaintiffs voluntarily removed the Chancery Court Action to the District of Delaware.

### 2.    The Securities Action

The Securities Action is known as *Skeway, et al. v. China Natural Gas, Inc., et al.*, Civil Action No. 10-728-RGA in the United States District Court for the District of Delaware.

The Securities Plaintiffs alleged that China Natural Gas, and its CEO Qinan Ji ("Ji") engaged in illegal loans and related-party transactions that were not disclosed in the Company's financial statements as required by generally accepted accounting principles ("GAAP") and SEC regulations. The Securities Plaintiffs further allege that when the concealment of those loans and related party transactions came to light, CHNG's share price declined as a result, causing harm to investors and leading to the eventual delisting of CHNG stock from the NASDAQ.

On February 8, 2013, an involuntary petition for relief under the Bankruptcy Code was filed against CHNG in the Bankruptcy Case. On July 9, 2013, the Bankruptcy Court entered an Order for Relief under the Bankruptcy Code.

The Securities Action against CHNG was automatically stayed pursuant to the Bankruptcy Code. The Securities Action continued on in the District Court as to Ji and the Company's CFO, David She. On June 18, 2014 the District Court granted the Securities Plaintiffs' Motion for Class Certification. On January 30, 2015 the District Court granted the Securities Plaintiffs' motion for a default judgment against Defendant Ji in the amount of $10.4 million. On April 28, 2015, the Bankruptcy Court granted the Securities Plaintiffs' motion for an order modifying the automatic stay to permit the Securities Plaintiffs to continue with the Securities Class Action in the District Court against CHNG to the extent of the proceeds of a $15 million Directors' and Officers' liability insurance policy procured by CHNG, which provides coverage for CHNG's directors and officers, subject to various terms and limitations and under which the insurer raised certain defenses to limit or preclude coverage.

### C.    Why are there Settlements?

On July 9, 2015, the Settling Parties in both the Stockholder Action and the Securities Action attended a mediation with Jed D. Melnick, Esq. of JAMS, as the mediator. The mediation sessions in the Stockholder Action and the Securities Action were conducted separately. As a result of that mediation and subsequent negotiations, the Settling Parties in both the Stockholder Action and the Securities Action reached agreements to settle the respective Actions.

The respective defendants in both Actions deny each and all of the claims and contentions alleged by the Stockholder Plaintiffs, the Securities Plaintiffs and the Trustee. The Defendants expressly deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Stockholder Action and/or the Securities Action. The Defendants also deny, *inter alia*, any allegations that the Stockholder Plaintiffs, the Securities Plaintiffs, the Trustee, CHNG, the Securities Class or the Stockholder Settlement Class have suffered any damages.

Nonetheless, the Defendants have concluded that continued litigation of the Actions would be protracted and expensive, and that it is desirable that the Actions be fully and finally settled in the manner and upon the terms and conditions set forth in the respective Stipulations. The Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like these Actions. The Defendants have, therefore, determined that it is desirable and beneficial to them that the Actions be settled in the manner and upon the terms and conditions set forth in the respective Stipulations.

The Stockholder Plaintiffs, the Securities Plaintiffs, and the Trustee believe that the claims asserted in the respective Actions have merit and that the evidence developed to date supports the claims. Additionally, counsel for the Stockholder Plaintiffs and the Trustee and counsel for the Securities Plaintiffs have researched the applicable law with respect to their claims and believe they could successfully refute any defenses to their claims raised by the Defendants. However, the Stockholder Plaintiffs, the Stockholder Plaintiff's counsel, the Trustee, the Trustee's counsel and the Securities Plaintiffs and the Securities Plaintiffs' counsel all recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the respective Actions through trial and through appeals. The Stockholder Plaintiffs, Stockholder Plaintiffs' counsel, the Trustee, the Trustee's counsel and the Securities Plaintiffs and the Securities Plaintiffs' counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in complex cases such as the Actions, as well as the difficulties and delays inherent in such litigations. The Stockholder Plaintiffs, the Stockholder Plaintiffs' counsel, the Trustee, the Trustee's counsel, and the Securities Plaintiffs and the Securities Plaintiffs' counsel are also mindful of the inherent problems of proof and possible defenses to the claims asserted in the respective Actions and believe that the Settlements set forth in the respective Stipulations confer substantial benefits upon the CHNG estate and the Settlement Class (with respect to the Stockholder Action) and the Plaintiffs and the Securities Class (with respect to the Securities Action). Based on their respective evaluations, the Stockholder Plaintiffs, the Stockholder Plaintiff's counsel, the Trustee, the Trustee's counsel and the Securities Plaintiffs and the Securities Plaintiffs' counsel have determined that the respective Settlements set forth in the Stipulations are fair, reasonable, adequate and in the best interests of the Company, the Stockholder Settlement Class and the Securities Class.

### D.   What does the Stockholder Settlement provide?

It provides for a settlement of $1,150,000 in cash for the benefit of the Stockholder Class, in which you might be a member. In addition, the Stockholder Settlement provides a $250,000 cash payment to the Trustee (the "Trustee Settlement Amount"), which, upon court approval, will become property of the CHNG bankruptcy estate and will not be available for distribution to any Stockholder Class Members.

### E.   Joint Representation of the Stockholder Class and Trustee and Allocation of the Stockholder Settlement Fund

Prior to entering into joint representation of the Stockholder Class and the Trustee, Wohl & Fruchter and the Trustee considered whether a potential conflict of interest might arise from the joint representation. They concluded that no conflict would arise until such time as a recovery was to be allocated between the Trustee and Stockholder Class, and that this eventuality could be addressed by (1) allowing Wohl & Fruchter to represent solely the Stockholder Class in

negotiations concerning allocation, and (2) ensuring that Wohl & Fruchter would not have an incentive to favor the Trustee by capping the firm's compensation from the Trustee at the percentage awarded on the Stockholder Class' recovery. Wohl & Fruchter further obtained informed consent from Stockholder Plaintiff Kousa. After the Stockholder Settlement was achieved, Wohl & Fruchter negotiated the allocation with separate counsel for the Trustee, and determined that the agreed allocation is fair and reasonable to the Stockholder Class, taking into account the relative strengths of the respective claims.

### F.    What does the Securities Settlement provide?

It provides for a settlement of $1,500,000 in cash for the benefit of the Securities Class, in which you might be a member.

The Securities Settlement represents an average recovery of $.07 per share of CHNG common stock for the 21,458,654 shares outstanding as of September 21, 2011, the end of the Securities Class Period. A share may have been traded more than once during the Securities Class Period. This estimate solely reflects the average recovery per outstanding share of CHNG common stock. The indicated average recovery per share will be the total average recovery for all purchasers of that share. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Securities Class Members, the date(s) you purchased and sold CHNG stock, and the total number and amount of claims filed.

### G.    Am I included in the stockholder settlement?

You are included in the Stockholder Settlement if you were a CHNG stockholder or a CHNG stockholder's successor in interest, immediate or remote, on April 30, 2012.

Excluded from the Stockholder Settlement Class are the Defendants, Qinan Ji, and Zhiqiang Wang and any of their immediate family members. Also excluded from the Stockholder Settlement Class are those Persons who submit a valid request to be excluded from the Stockholder Settlement Class in accordance with the requirements set forth in the Notice.

### H.    Am I included in the securities settlement?

You are included in the Securities Settlement if you purchased or otherwise acquired the publicly traded common stock of CHNG between March 10, 2010 and September 21, 2011, inclusive.

Excluded from the Securities Settlement Class are CHNG, Qinan Ji and David She, members of Mr. Ji's and Mr. She's families, any entity Mr. Ji or Mr. She or CHNG have a controlling interest of, are a parent or subsidiary of, or which is controlled by CHNG, and the present or former officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns of CHNG, Mr. Ji or Mr. She. Also excluded from the Securities Settlement Class are those Persons who submit a valid request to be excluded from the Securities Settlement Class in accordance with the requirements set forth in this Notice.

PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENTS. IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENTS, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2016.

### I.     What might happen if there were no Settlements?

If there were no Settlements and the Plaintiffs failed to establish the essential legal or factual elements of their claims, neither the Plaintiffs nor the other members of the Classes would recover anything from the Defendants. Also, if the Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Classes likely would recover substantially less than the amount provided in the Settlements, or nothing at all.

### J.     What is the legal effect of the Settlements on my rights?

If you are a member of one or both of the Classes, the Settlements will affect you. If the Court grants final approval of the Settlements, the Actions will be dismissed with prejudice and all Class Members will fully release and discharge the Defendants from all claims for relief arising out of or based on Plaintiffs' allegations. When a Person "releases" claims that Person cannot sue the Defendants for any of the claims covered by the release. If you are a Class Member and you submit a valid and timely Claim Form, you will receive a payment based upon the distribution formulas described below.

### K.     What will I receive from the Stockholder Settlement?

At this time, it is not possible to make any determination as to how much a Stockholder Class Member may receive from the Stockholder Settlement.

Pursuant to the Stockholder Settlement, the Defendants have agreed to pay $1,400,000 in cash (the "Settlement Fund"). Of this Settlement Fund, $1,150,000 is the Stockholder Settlement Amount for the Class, and the remainder of $250,000 (the Trustee Settlement Amount) will, upon court approval, become property of the CHNG bankruptcy estate. If the Settlement is approved by the Court, the "Net Stockholder Settlement Amount" (*i.e.*, the Stockholder Settlement Amount less (a) all federal, state, and local taxes on any income earned by the Stockholder Settlement Amount and the reasonable costs incurred in connection with determining the amount of and paying taxes owed on the Stockholder Settlement Amount (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing Notice to Stockholder Class Members and administering the Settlement on behalf of Stockholder Class Members; (c) any attorneys' fees and expenses awarded by the Court; and (d) the escrow costs of maintaining the Stockholder Settlement Amount) will be distributed to Stockholder Class Members as set forth in the proposed Plan of Allocation, or such other plan as the Court may approve.

After approval of the Stockholder Settlement by the Court, and upon satisfaction of the other conditions to the Stockholder Settlement, the Net Stockholder Settlement Amount will be distributed to Authorized Claimants in accordance with the Plan of Allocation approved by the Court. The Net Stockholder Settlement Amount will not be distributed until the Court has approved a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

Neither the Defendants nor any other person that paid any portion of the Stockholder Settlement Amount is entitled to get back any portion of the Net Stockholder Settlement Amount once the Court's Order and Final Judgment approving the Settlement becomes final. The Defendants will not have any liability, obligation, or responsibility for the administration of the Settlement or disbursement of the Net Stockholder Settlement Amount or the Plan of Allocation.

Approval of the Stockholder Settlement is independent of approval of the Stockholder Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Stockholder Settlement, if approved.

### L.     What will I receive from the Securities Settlement?

At this time, it is not possible to make any determination as to how much a Securities Class Member may receive from the Securities Settlement.

Pursuant to the Securities Settlement, the Defendants have agreed to pay $1,500,000 in cash (the "Securities Settlement Amount"). If the Settlement is approved by the Court, the "Net Securities Settlement Amount" (*i.e.*, the Securities Settlement Amount less (a) all federal, state, and local taxes on any income earned by the Securities Settlement Amount and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Securities Settlement Amount (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing Notice to Securities Class Members and administering the Securities Settlement on behalf of Securities Class Members; (c) any attorneys' fees and expenses awarded by the Court; and (d) the escrow costs of maintaining the Securities Settlement Amount) will be distributed to Securities Class Members as set forth in the proposed Plan of Allocation, or such other plan as the Court may approve.

After approval of the Securities Settlement by the Court, and upon satisfaction of the other conditions to the Securities Settlement, the Net Securities Settlement Amount will be distributed to Authorized Claimants in accordance with the Plan of Allocation approved by the Court. The Net Securities Settlement Amount will not be distributed until the Court has approved a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

Neither the Defendants nor any other person that paid any portion of the Securities Settlement Amount is entitled to get back any portion of the Net Securities Settlement Amount once the Court's Order and Final Judgment approving the Settlement becomes final. The Defendants will not have any liability, obligation, or responsibility for the administration of the Settlement or disbursement of the Net Securities Settlement Amount or the Plan of Allocation.

Approval of the Securities Settlement is independent of approval of the Securities Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Securities Settlement, if approved.

Each Person wishing to participate in the distribution of one or both of the Settlements must timely submit a valid Claim Form establishing membership in one or both of the Classes, and including all required documentation, postmarked on or before _____, 2016, to the address set forth in the Claim Form that accompanies this Notice.

Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____, 2016, shall be fully and forever barred from receiving payments pursuant to the Settlements, but will in all other respects remain a Class Member and be subject to the provisions of the Stipulations and Settlements that are approved, including the terms of any judgment entered and releases given.

The Court has reserved jurisdiction to allow, disallow, or adjust the Claim of any Class Member on equitable grounds.

Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form. Upon request of the Claims Administrator, each Person that submits a Claim Form shall subject his, her, or its Claim to investigation as to his, her, or its status as a Claimant and the allowable amount of his, her, or its Claim.

Persons that are excluded from one or both of the Classes by definition or that exclude themselves from one or both of the Classes will not be eligible to receive a distribution from the corresponding Net Settlement Amount(s) and should not submit a Claim Form.

**M.     What are the proposed Plans of Allocation for each of the Settlements?**

The Plans of Allocation are a matter separate and apart from the proposed Settlements, and any decision by the Court concerning the Plans of Allocation will not affect the validity or finality of the proposed Settlements. The Court may approve the Plans of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to the Securities Class Members or the Stockholders Class Members. Any orders regarding a modification of the Plans of Allocations will be posted to the Claims Administrator's website, www.strategicclaims.net.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share as it relates to each of the Net Settlement Funds based upon each Authorized Claimant's recognized claim. **Please Note**: The recognized claim formulas, set forth below, are not intended to be an estimate of the amount a Securities Class Member or Stockholders Class Member might have been able to recover after trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to each of the Settlements. The recognized claim formulas are the bases upon which each of the Net Settlement Funds will be proportionately allocated to the Authorized Claimants.

If any funds remain in either of the Net Settlement Funds by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to cause Authorized Claimants who are entitled to participate in the distribution in each of the Net Settlement Funds to cash their distribution checks, then, with respect to each of the Net Settlement Funds separately, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used:  (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If such second distribution is not economically feasible, or if any funds remain in the Net Settlement Fund six (6) months after such second distribution, the remaining funds (after the Claims Administrator has made reasonable and diligent efforts to cause Authorized Claimants to cash their checks) shall be donated to a non-profit charitable organization(s) selected by Lead Counsel for the class intended to benefit from that Net Settlement Fund.  The two Net Settlement Funds will at all times remain separate and not commingled, and each Lead Counsel will ensure that the funds in each Net Settlement Fund are maintained for the benefit of the class that each Lead Counsel represents.

Payment pursuant to the Plans of Allocation approved by the Court will be conclusive against all Authorized Claimants.  No person will have any claim against the Defendants, the Defendants' counsel, Lead Plaintiffs, Lead Counsel or the Settlement Administrator or other agent designated by Lead Counsel based on distributions made substantially in accordance with the Stipulations and the Settlements contained therein, the Plans of Allocation, or further orders of the Court.  Each claimant will be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form.  No person involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlements, or otherwise involved in the administration or taxation of the Settlement Funds will be liable for any claim arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Funds, will be barred from making any further claim against either of the Net Settlement Funds beyond the amount allocated to them as provided in any distribution orders entered by the Court.

## STOCKHOLDERS SETTLEMENT

### THE BASIS FOR CALCULATING YOUR PAYMENT AMOUNT

**The "Pro Rata Payment Amount" for each Authorized Claimant will be determined by dividing the Authorized Claimant's total number of shares held as of April 30, 2012 by the total of all shares held as of April 30, 2012 by all Authorized Claimants, and multiplying that fraction by the total amount of the Stockholders Net Settlement Fund available for distribution.  In order to participate in the Stockholder Settlement you must have held shares of CHNG stock as of April 30, 2012.  Payment in this manner shall be**

11

deemed conclusive against all Authorized Claimants.  No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00).


SECURITIES SETTLEMENT

### THE BASIS FOR CALCULATING YOUR RECOGNIZED CLAIM

(I)   Recognized Claim for CHNG Stock Purchased or Otherwise Acquired During the Class Period (*i.e.*, March 10, 2010 to September 21, 2011, inclusive) will be calculated as follows:

(A)   For shares purchased or otherwise acquired during the Class Period and sold during the Class Period, the recognized claim per share will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation Table A below); or (2) the purchase price per share minus the sales price per share.

(B)   For shares purchased or otherwise acquired during the Class Period and retained as of the close of trading on September 21, 2011, the recognized claim will be the *lesser* of:  (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per share minus $1.49[1] per share.

| INFLATION TABLE A | |
| --- | --- |
| CHNG Common Stock Purchased or Acquired During the Class Period | |
| Period | Inflation |
| March 10, 2010 to August 15, 2010, inclusive | $2.33 per share |
| August 16, 2010 to August 18, 2010, inclusive | $2.10 per share |
| August 19, 2010 | $1.73 per share |
| August 20, 2010 to September 15, 2010, inclusive | $1.54 per share |
| September 16, 2010 | $1.33 per share |
| September 17, 2010 to September 21, 2011, inclusive | $.78 per share |

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." CHNG common stock was suspended from trading on NASDAQ from September 21, 2011 to March 7, 2012.  $1.49 per share was the mean (average) daily closing trading price of CHNG's common stock during the 90-day period beginning on March 8, 2012 and ending on June 5, 2012.

To the extent there are sufficient funds in the Securities Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's recognized claim. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total recognized claim of each Authorized Claimant, then each Authorized Claimant will be paid the percentage of the Net Settlement Fund that corresponds to the ratio of that Authorized Claimant's recognized claim to the total recognized claims of all Authorized Claimants (*i.e.*, a "*pro rata* share"). Payment in this manner will be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If a claimant had a trading gain or "broke even" from his, her or its overall transactions in CHNG shares during the Class Period, the value of the claimant's recognized claim will be zero and the claimant will not be entitled to a share of the Net Settlement Fund. If a claimant suffered a trading loss on his, her or its overall transactions in CHNG shares during the Class Period, but that trading loss was less than the recognized claim calculated above, then the recognized claim will be limited to the amount of the claimant's actual trading loss.

For purposes of calculating your recognized claim, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of CHNG shares will not be deemed a purchase, acquisition or sale of CHNG shares for the calculation of an Authorized Claimant's recognized claim. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your recognized claim, all purchases, acquisitions and sales will be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim enclosed with this Notice, you must provide all of your purchases and acquisitions of CHNG shares during the time period March 10, 2010 through and including September 21, 2011.

### N.   Can I decide to opt out of the Stockholder Settlement?

Yes. If you do not wish to be included in the Stockholder Class and you do not wish to participate in the Stockholder Settlement, you may request to be excluded. To do so, you must submit a written request for exclusion that must be signed by you or your authorized representative and received on or before _____, 2016. You must set forth: (a) the name, address, and telephone number of the person or entity requesting exclusion; (b) the number of shares of CHNG stock held by the person or entity as of April 30, 2012, supported by brokerage documentation; and (c) a statement that the person or entity wishes to be excluded from the Stockholder Class.

The exclusion request must be mailed to *both*:

China Natural Gas, Inc.            and      Ethan D. Wohl, Esq.
Securities Litigation                        Wohl & Fruchter LLP
c/o Strategic Claims Services                570 Lexington Avenue, 16th Floor
P.O. Box 230                                 New York, New York 10022
600 North Jackson Street, Suite 3           Telephone: (212) 758-4000

13

Media, Pennsylvania 19063

You cannot exclude yourself by telephone or by email. If you ask to be excluded from the Stockholder Settlement, you cannot object to the Stockholder Settlement and you will not receive payment from the Stockholder Settlement Amount. You also will not be legally bound by anything that happens in the Stockholder Action. You may exclude yourself from the Stockholder Settlement even if you choose not to exclude yourself from the Securities Settlement.

**O.    Can I decide to opt out of the Securities Settlement?**

Yes. If you do not wish to be included in the Securities Class and you do not wish to participate in the Securities Settlement, you may request to be excluded. To do so, you must submit a written request for exclusion that must be signed by you or your authorized representative and received on or before _____, 2016. You must set forth: (a) the name, address, and telephone number of the person or entity requesting exclusion; (b) the number of shares of CHNG stock purchased and sold by the person between March 10, 2010 and September 21, 2011, inclusive, supported by brokerage documentation showing the dates, the number of shares of CHNG stock purchased/sold, and prices paid/received for each transaction excluding commissions, fees, and taxes; and (c) a statement that the person or entity wishes to be excluded from the Securities Class.

The exclusion request must be mailed to *both*:

China Natural Gas, Inc.                    and          Laurence M. Rosen, Esq.
Securities Litigation                                        The Rosen Law Firm, P.A.
c/o Strategic Claims Services                          275 Madison Avenue, 34th Floor
P.O. Box 230                                                  New York, New York 10016
600 North Jackson Street, Suite 3                    Telephone: (212) 686-1060
Media, Pennsylvania 19063

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded from the Securities Settlement, you cannot object to the Securities Settlement, and will not receive a payment from the Securities Settlement Amount. You also will not be legally bound by anything that happens in the Securities Action. You may exclude yourself from the Securities Settlement even if you choose not to exclude yourself from the Stockholder Settlement.

**NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.**

For each Action in which you make a timely and valid request for exclusion, (a) you will be excluded from that class, (b) you will not share in the proceeds of that settlement, (c) you will not be bound by any judgment entered in the case and (d) you will not be precluded, by reason of your decision to request exclusion from otherwise prosecuting an individual claim, if timely, against the Defendants based on the matters complained of in the litigation(s). In each Action, the Defendants or their insurers may withdraw from and terminate the Settlement if Class

14

Members who held in excess of a certain number of CHNG shares exclude themselves from the Class in that Settlement.

### P.      What are the Stockholder Plaintiffs' Counsel's fees and costs?

At the Settlement Hearing, counsel for the Stockholder Plaintiffs' will request that the Court award attorneys' fees of 25% of the Stockholder Settlement Amount, plus expenses (exclusive of administration costs) not to exceed $40,000, which were incurred in connection with the litigation of the Stockholder Action, to be paid from the Stockholder Settlement Amount. In addition, Plaintiffs Kousa, Mallano, and Steinmetz will apply to the Court for approval of service awards in the aggregate amount of up to $10,000, to be paid out of the award of attorneys' fees and expenses, in recognition of their participation and efforts in the prosecution of the Stockholder Action.

To date, counsel for Plaintiffs in the Stockholder Action have not received any payment for their services in prosecuting this Action, nor have counsel been reimbursed for their substantial expenses. The fees requested by counsel for the Stockholder Plaintiffs will compensate counsel for their efforts in achieving the Stockholder Settlement Amount for the benefit of the Stockholder Class and the CHNG bankruptcy estate, and for their risks in undertaking this representation on a wholly contingent basis.

### Q.      What are the Securities Plaintiffs' Counsel's fees and costs?

At the Settlement Hearing, counsel for the Securities Plaintiffs will request that the Court award attorneys' fees of one third (33.3%) of the Securities Settlement Amount, plus expenses (exclusive of administration costs) not to exceed $125,000, which were incurred in connection with the litigation of the Action, to be paid from the Securities Settlement Amount (the "Fee and Expense Application"). In addition, Plaintiffs Skeway and Jo-Fung will apply to the Court for approval of service awards in the aggregate amount of up to $10,000 in recognition of their participation and efforts in the prosecution of the Securities Action.

To date, counsel for the Securities Plaintiffs have not received any payment for their services in prosecuting the Securities Action, nor have the Securities Plaintiffs' counsel been reimbursed for their substantial expenses. The fees requested by counsel for the Securities Plaintiffs will compensate counsel for their efforts in achieving the Securities Settlement Amount for the benefit of the Securities Class, and for their risks in undertaking this representation on a wholly-contingent basis.

### III.    Class Members' Opportunity to Comment on the Settlements

### A.      How can I object to the Stockholder Settlement, Plan of Allocation, and Fee and Expense Application?

If you held CHNG shares as of April 30, 2012 and are therefore a member of the Stockholder Settlement Class (as defined above), you may object to the Stockholder Settlement. If you wish to object to the Stockholder Settlement, Plan of Allocation, and/or the Fee and Expense Application, you may submit a written statement of the objection. Your written objection should include all reasons for the objection. The objection must also include your

name, address, telephone number, and the number of shares of CHNG stock you held as of
April 30, 2012, as well as proof of your ownership of such CHNG stock.

To be considered, your written objection and copies of any papers and briefs must be
filed with the Clerk of the United States District Court for the District of Delaware, and must be
received by the law firms listed below no later than _____, 2016:

| | |
|---|---|
| Ethan D. Wohl, Esq. | Barry M. Klayman, Esq. |
| Wohl & Fruchter LLP | Cozen O'Connor |
| 570 Lexington Avenue, 16th Floor | 1201 North Market Street, Suite 1001 |
| New York, New York 10022 | Wilmington, Delaware 19801 |
| Telephone:    (212) 758-4097 | Telephone:    (302) 295-2035 |
| Facsimile:    (212) 758-4004 | Facsimile:    (215) 701-2209 |
| | |
| Richard C. Schoenstein, Esq. | Tammy Yuen, Esq. |
| Satterlee Stephens Burke & Burke LLP | Skarzynski Black LLC |
| 230 Park Avenue | One Battery Park Plaza, 32nd Floor |
| New York, New York 10169 | New York, New York 10004 |
| Telephone:    (212) 818-9200 | Telephone:    (212) 820-7700 |
| Facsimile:    (212) 818-9606 | Facsimile:    (212) 820-7740 |

**B.      How can I object to the Securities Settlement, Plan of Allocation, and Fee
and Expense Application?**

If you purchased or acquired CHNG stock between March 10, 2010 and September 21,
2011, inclusive, and are therefore a member of the Securities Class (as defined above) you may
object to the Securities Settlement. If you wish to object to the Securities Settlement, Plan of
Allocation, and/or the Fee and Expense Application, you may submit a written statement of the
objection. Your written objection should include all reasons for the objection. The objection
must also include your name, address, telephone number, and your purchases of CHNG stock
between March 10, 2010 and September 21, 2011, as well as proof of your purchase of such
CHNG stock.

To be considered, your written objection and copies of any papers and briefs must be
filed with the Clerk of the United States District Court for the District of Delaware, and must be
received by the law firms listed below no later than _____, 2016:

| | |
|---|---|
| Laurence M. Rosen, Esq. | Jerome S. Fortinsky, Esq. |
| The Rosen Law Firm P.A. | Shearman & Sterling LLP |
| 275 Madison Avenue, 34th Floor | 599 Lexington Avenue |
| New York, New York 10016 | New York, New York 10022 |

You may file a written objection to one or both of the Settlements without having to
appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to
present your objection unless you have first filed and served a written objection in accordance
with the procedures described above, unless the Court orders otherwise.

16

If you file an objection to one or both of the Settlements, Plans of Allocation, and/or the Fee and Expense Applications you also have a right to appear at the Settlement Hearing either in person or through counsel hired by you at your own expense. If you wish to be heard orally at the hearing in opposition to the approval of one or both of the Settlements, Plans of Allocation, or the Fee and Expense Applications, and if you file and serve a timely written objection(s) as described above, you must also file a notice of appearance with your objection(s). Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection(s) or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce in evidence at the hearing.

Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlements, the proposed Plans of Allocation and Counsel's Fee and Expense Applications.

### C.   What rights am I giving up by remaining in the Stockholder Class?

Unless you exclude yourself, you will remain in the Stockholder Class. That means that if the Stockholder Settlement is approved, you and all Stockholder Class Members will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) all claims against all Released Persons, including the Trustee, the Defendants, Ji, Wang, XL Insurance Company Limited ("XL"), and their current and former agents, employees, officers, directors, partners, members, representatives, heirs, insurers, reinsurers, attorneys, advisors, subsidiaries, parents, affiliates, predecessors, successors and assigns, in connection with the allegations contained in the Stockholder Action and any matter that could have been asserted in the Stockholder Action regarding breaches of fiduciary duty, except that you do not release the Released Persons from any claim or action to enforce the Stockholder Settlement. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the claim form, you are agreeing to a "Release of Claims," which will bar you from ever filing a lawsuit against any Released Person to recover losses from the conduct alleged in the Stockholder Action, except to enforce the Stockholder Settlement.

### D.   What rights am I giving up by remaining in the Securities Class?

Unless you exclude yourself, you will remain in the Securities Class. That means that if the Securities Settlement is approved, you and all Securities Class Members will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) all claims against Qinan Ji, David She, China Natural Gas, and XL and their current and former agents, employees, officers, directors, partners, members, representatives, heirs, insurers, reinsurers, attorneys, advisors, subsidiaries, parents, affiliates, predecessors, successors and assigns, including the Trustee and his attorneys ("Released Persons") in connection with your acquisition or sale of CHNG common stock during the Securities Class Period, except that you do not release the Released Persons from any claim or action to enforce the Securities Settlement. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the claim form, you are agreeing to a "Release of Claims," which will bar you from ever filing a lawsuit against any Released Person to recover losses from the acquisition or sale of CHNG common stock during the Securities Class Period, except to enforce the Securities Settlement.

## IV.   SETTLEMENT HEARING

The Court will hold a Settlement Hearing on _____, 2016, at _____.m., at Courtroom 6A of the United States Courthouse, J. Caleb Boggs Federal Building, located at 844 North King Street, Wilmington, Delaware 19801, to determine whether the Settlements should be finally approved as fair, reasonable, and adequate.

The Court will also be asked to approve the proposed Plans of Allocation and the Fee and Expense Applications. The Court may adjourn or continue the Settlement Hearing without further notice to the Classes. If you intend to attend the Settlement Hearing, you should confirm the date and time with Plaintiffs' Counsel.

Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions in this Notice even if the Class Member does not attend the hearing. You can participate in the Settlements without attending the Settlement Hearing. You are not obligated to attend the Settlement Hearing.

## V.   GETTING MORE INFORMATION

This Notice is a summary and does not describe all of the details of the Stipulations. For precise terms and conditions of the Settlements, you may review the Stipulations filed with the Court, as well as the other pleadings and records of this litigation, which may be inspected during business hours, at the office of the Clerk of the Court, United States District Court for the District of Delaware, located at the J. Caleb Boggs Federal Building, 844 North King Street, Wilmington, Delaware 19801. Additionally, the Stipulations, this Notice and certain other settlement-related documents may be examined at http://www._____.com. Class Members without access to the Internet may be able to review these documents online at locations such as a public library.

If you have any questions about the settlements of one or both of the Actions, you may contact counsel for the Stockholder Plaintiffs and/or counsel for the Securities Plaintiffs:

Ethan D. Wohl, Esq.
Wohl & Fruchter LLP
570 Lexington Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 758-4000

(Counsel for the Stockholder Plaintiffs and the Trustee)

Laurence M. Rosen, Esq.
The Rosen Law Firm, PA
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060

(Securities Plaintiffs' Counsel)

You may also contact the Claims Administrator at:

**China Natural Gas, Inc. Securities Litigation**
**c/o Strategic Claims Services**
**P.O. Box 230**
**600 North Jackson Street, Suite 3**
**Media, PA 19063**

Tel.:  **(866) 274-4004**
Fax:  **(610) 565-7985**

**PLEASE DO NOT TELEPHONE THE COURT OR THE CLERK'S OFFICE
REGARDING THIS NOTICE.**

Dated:  _____, 2016          BY ORDER OF THE COURT,
                                        UNITED STATES DISTRICT COURT FOR
                                        THE DISTRICT OF DELAWARE

**EXHIBIT A-2**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br>CHINA NATURAL GAS, INC.,<br><div align="right">Debtor.</div> | Chapter 7<br><br>Case No. 13-10419 (SHL)<br><br>Pending in the United States Bankruptcy<br>Court for the Southern District of New York |
| ALAN NISSELSON, as Chapter 7 Trustee of<br>the Estate of China Natural Gas, Inc., and<br>HAITHAM J. KOUSA, ROBERT<br>MALLANO, and RICK STEINMETZ, on<br>behalf of themselves and all others similarly<br>situated,<br><div align="right">Plaintiffs,</div><br><div align="center">vs.</div><br>QINAN JI, ZHIQIANG WANG,<br>LAWRENCE W. LEIGHTON, FRANK<br>WAUNG, YANG XIANG DONG, and<br>CHINA NATURAL GAS, INC.,<br><div align="right">Defendants.</div> | Civil Action No. 15-0299<br><br>(Stockholder Action) |
| ROBERT SKEWAY AND RAIMUNDO JO-<br>FUNG, Individually and On Behalf of All<br>Others Similarly Situated,<br><div align="right">Plaintiffs,</div><br><div align="center">vs.</div><br>CHINA NATURAL GAS, INC., QINAN JI,<br>and DAVID SHE,<br><div align="right">Defendants.</div> | Civil Action No. 1:10-CV-728-RGA<br>Hon. Richard G. Andrews<br><br>(Securities Action) |

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTIONS AND PROPOSED SETTLEMENTS

To:    **All China Natural Gas, Inc. ("CHNG") stockholders and their successors in interest and transferees, immediate and remote, who held CHNG stock as of April 30, 2012 inclusive (the "Stockholder Class" or "Stockholder Class Members") and all persons or entities who purchased or otherwise acquired the publicly traded common stock of CHNG between March 10, 2010 and September 21, 2011, inclusive ("Securities Class" or "Securities Class Members").**

YOU ARE HEREBY NOTIFIED that, pursuant to an order of the United States District Court for the District of Delaware (the "Court"), a hearing will be held before the Honorable Richard G. Andrews, United States District Judge, on _____, 2016, at ___:___ __.m., in Courtroom 6A of the United States Courthouse, J. Caleb Boggs Federal Building, located at 844 North King Street, Wilmington, Delaware 19801, for the purpose of determining: (1) whether the proposed Settlement of the Stockholder Action for a payment of $1,400,000 in cash (consisting of the "Stockholder Settlement Amount" of $1,150,000 and the "Trustee Settlement Amount of $250,000) should be approved as fair, reasonable, and adequate to Stockholder Class Members; (2) whether the proposed Settlement of the Securities Class Action for a payment of $1,500,000 in cash (the "Securities Settlement Amount") should be approved as fair, reasonable and adequate to Securities Class Members; (3) whether the proposed Orders and Final Judgments dismissing the Actions with prejudice should be entered; (4) whether the proposed plans to distribute the settlement proceeds ("Plans of Allocation") are fair, reasonable, and adequate and, therefore, should be approved; and (5) whether the applications of Plaintiffs for attorneys' fees and costs incurred in connection with the Actions and reimbursement of Plaintiffs' expenses should be approved. As set forth in the Stipulation of Settlement in the Stockholder Action, dated January 28, 2016, Stockholder Plaintiffs' counsel will request attorneys' fees of 25% of the Stockholder Settlement Amount, plus expenses (exclusive of claims administration costs) not to exceed $40,000. Stockholder Plaintiffs will also seek approval of service awards in the aggregate amount not to exceed $10,000 to be paid out of the award of attorneys' fees and expenses.   The Securities Plaintiffs' counsel will request attorneys' fees of one third of the Securities Settlement Amount, plus expenses (exclusive of claims administration costs) not to exceed $125,000. Securities Plaintiffs will also seek approval of service awards in the aggregate amount not to exceed $10,000.

If you owned CHNG stock as of April 30, 2012 and/or you purchased or otherwise acquired CHNG stock between March 10, 2010 and September 21, 2011 (inclusive), your rights may be affected by the Settlements of the Actions. If you have not received a detailed Joint Notice of Pendency of Class Action and Proposed Settlements (the "Notice") and a copy of the Proof of Claim and Release Form ("Claim Form"), you may obtain copies by writing to the Claims Administrator (at China Natural Gas, Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 3, Media, PA 19063; info@strategicclaims.net), or by accessing the website, www._____.com.

If you are a member of one or both of the classes, in order to share in the distribution of the settlement proceeds, you must submit a valid Claim Form, postmarked on or before _____, 2016, establishing that you are entitled to recovery.

Any objections to the settlements of the Actions, the Plans of Allocation, and/or the applications for attorneys' fees and costs and Plaintiffs' service awards must be filed with the Court and delivered to counsel no later than _____, 2016, in the manner and form explained in the detailed Notice.

If you desire to be excluded from one or both of the classes, you must mail a request for exclusion to be received no later than _____, 2016, in the manner and form explained in the detailed Notice.

All Stockholder Class Members and Securities Class Members who have not timely and validly requested exclusion from one or both of the classes will be bound by any judgments entered in the Actions pursuant to the Stipulations of Settlement, dated January ___, 2016.

If you have any questions about the Settlements, you may contact Plaintiffs' counsel:

Ethan D. Wohl
Wohl & Fruchter LLP
570 Lexington Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 758-4000

(Counsel for the Stockholder Plaintiffs and the Trustee)

Laurence M. Rosen
The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060

(Securities Plaintiffs' Counsel)

**PLEASE DO NOT TELEPHONE THE COURT OR THE CLERK'S OFFICE
REGARDING THIS NOTICE.**

Dated: _____, 201___

BY ORDER OF THE COURT,
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

3

## PROOF OF CLAIM AND RELEASE

**Deadline for Submission:** _____

**IF YOU PURCHASED THE PUBLICLY TRADED COMMON STOCK OF CHINA NATURAL GAS, INC. ("CHINA NATURAL GAS" OR THE "COMPANY") BETWEEN MARCH 10, 2010 AND SEPTEMBER 21, 2011, INCLUSIVE AND/OR HELD THE COMMON STOCK OF CHINA NATURAL GAS ON APRIL 30, 2012 YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.**

**IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.**

**YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____ TO STRATEGIC CLAIM SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:**

<div align="center">

China Natural Gas, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 3
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985

</div>

**YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2016 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.**

### CLAIMANT'S STATEMENT

1. I (we) purchased and/or held China Natural Gas common stock and was (were) damaged thereby. (Do not submit this Proof of Claim if you did not purchase and/or hold China Natural Gas common stock during the designated Class Period.)

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member as defined above and in the Joint Notice of Pendency of Class Actions and Proposed Settlements (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Litigation or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include,

CHINA NATURAL GAS

for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York and the United States District Court for the District of Delaware (collectively, the "Courts") with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing the Proof of Claim.

4. I (we) have set forth where requested below all relevant information with respect to each purchase and sale of China Natural Gas common stock during the Class Period and balances of such stock. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of China Natural Gas common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Courts may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the Courts' approval of the Settlements, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) current, past and future trusts, estates, beneficiaries, heirs, joint tenants, tenants in common, executors, administrators, trustees, predecessors, successors, partners, spouses, parents, subsidiaries, affiliates, attorneys, consultants, experts, brokers, creditors, insurers, agents, representatives, and assigns, and any Person that any of them represents, of all of the Settled Claims and/or Released Claims and all claims arising out of, relating to, or in connection with the Settlements, the Litigations, and/or the resolution of the Litigations against each of the "Released Persons," as defined in the Notice and the Stipulations.

8. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-866-274-4004 or visit their website at

CHINA NATURAL GAS

www.strategicclaims.net to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted                                                                    data.

CHINA NATURAL GAS

## I. CLAIMANT INFORMATION

| Name: |
|---|
|  |

| Address: |
|---|
|  |

| City: | State: | ZIP: |
|---|---|---|

| Foreign Provence: | Foreign Country: |
|---|---|

| Day Phone: | Evening Phone: |
|---|---|

| Email: |
|---|

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
|---|---|---|

## II. SCHEDULE OF TRANSACTIONS IN CHINA NATURAL GAS COMMON STOCK
**Beginning Holdings:**
A. State the total number of shares of China Natural Gas common stock owned at the close of trading on March 9, 2010, long or short (*must be documented*).

**Purchases:**
B. Separately list each and every publicly traded purchase of China Natural Gas common stock during the period from March 10, 2010 through September 21, 2011, inclusive. Provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Sales:**
C. Separately list each and every sale of China Natural Gas common stock during the period from March 10, 2010 through September 21, 2011, inclusive, and provide the following information (*must be documented*):

CHINA NATURAL GAS

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**
D.  State the total number of shares of China Natural Gas common stock owned at the close of trading on September 21, 2011, long or short (*must be documented*).

**Holdings:**
E.  State the total number of shares of China Natural Gas common stock owned at the close of trading on April 30, 2012, long or short (*must be documented*).

If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.

**III. SUBSTITUTE FORM W-9**
Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
|  |  |  |

**IV. CERTIFICATION**
I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

CHINA NATURAL GAS

**NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.**

**UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.**

**Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):**

_____

**(Signature)**

_____

**(Signature)**

_____

**(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)**

☐  **Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)**

Date: _____

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN _____, 2016 AND MUST BE MAILED TO:**

China Natural Gas, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 3
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985

**A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2016 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.**

**You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlements. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.**

**REMINDER CHECKLIST**

o   Please be sure to sign this Proof of Claim on page _____.  If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim or any supporting documents.

o   If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.