UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ROBERT SKEWAY and RAIMUNDO JO-FUNG, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CHINA NATURAL GAS, INC., QINAN JI, and DAVID SHE, <br><br> Defendants. | Case No. 1:10-CV-728-RGA |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE

WHEREAS, (i) Lead Plaintiff Robert Skeway ("Lead Plaintiff") and Named Plaintiff

Raimundo Jo-Fung ("Named Plaintiff," and with Lead Plaintiff, the "Plaintiffs"), on behalf of

themselves and the class; (ii) Alan Nisselson (the "Trustee") in his capacity as the trustee for the

Chapter 7 debtor China Natural Gas, Inc. ("China Natural Gas") in the bankruptcy case

captioned *In re China Natural Gas, Inc.*, Case No. 13-10419 (SHL), pending before the United

States Bankruptcy Court for the Southern District of New York, and on behalf of China Natural

Gas; and (iii) China Natural Gas's insurer, XL Insurance Company SE ("XL"), have agreed to

settlement of all claims asserted in this Action against all of the Defendants;

WHEREAS, Plaintiffs, the Trustee, and XL entered into a Stipulation of Settlement,

dated January 28, 2016 (the "Stipulation"), which is subject to review under Rule 23 of the

Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the

terms and conditions for the proposed Settlement of the Action and all claims alleged in the

Complaint on the merits and with prejudice; and

WHEREAS, the Court has read and considered the Stipulation, the proposed "Joint Notice of Pendency of Class Actions and Proposed Settlements" (the "Notice"), the proposed "Summary Notice of Pendency of Class Actions and Proposed Settlements" (the "Summary Notice"), the proposed Plan of Allocation of the Net Settlement Fund among Participating Class Members, the proposed form of the Proof of Claim and Release (the "Proof of Claim"), the proposed form of Order and Final Judgment, and submissions made relating thereto, and finds that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of February, 2016, that:

1.      Unless indicated otherwise, capitalized terms used herein have the same meanings set forth in the Stipulation.

2.      Pursuant to the Court's Order dated June 18, 2014 (Dkt. No. 95), the Action was certified as a class action on behalf of all persons or entities that purchased or otherwise acquired the publicly traded common stock of China Natural Gas between March 10, 2010 and September 21, 2011, inclusive.  Excluded from the Class are China Natural Gas, the Individual Defendants, members of the Individual Defendants' families, any entity the Individual Defendants and/or China Natural Gas have a controlling interest in or are a parent or subsidiary of, or which is controlled by China Natural Gas, and the present or former officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns of the Individual Defendants and/or China Natural Gas.

3.      Pursuant to this Order, additionally excluded from the Class are those Persons who file valid and timely requests for exclusion in accordance with this Order.

4.     The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on June 2, 2016 at 9:30 a.m. for the following purposes:

a.     to finally determine whether the Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

b.     to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

c.     to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Persons as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

d.     to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

e.     to consider the application of Lead Counsel for an award of Attorneys' Fees and Expenses and an Award to Plaintiffs;

f.     to consider any objections to the Settlement, whether submitted previously in writing or presented orally at the Settlement Hearing by members of the Settlement Class (or by counsel on their behalf); and

g.      to rule upon such other matters as the Court may deem appropriate.

5.      The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded any Attorneys' Fees and Expenses or Award to Plaintiffs.

6.      The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where to do so would not impair the rights of members of the Settlement Class in a manner inconsistent with Rule 23 and due process of law.

7.      The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice, and (c) the Proof of Claim, all of which are exhibits to the Stipulation.

8.      Lead Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

9.      Any member of the Settlement Class may enter an appearance in the Action at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Members of the Settlement Class who do not enter appearances shall be represented by Lead Counsel. Any member of the Settlement Class who anticipates the need and wishes to appeal any aspect of the Stipulation or Settlement should formally move to intervene as a party under Rule 24 of the Federal Rules of Civil Procedure.

10.     Strategic Claims Services is approved as the Claims Administrator for the Settlement.

11.     Lead Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim, substantially in the forms annexed to the Stipulation, to be mailed, by first class mail, postage prepaid, within sixteen (16) business days of the entry of this Order or sixteen (16) business days of the Bankruptcy Court's entry of an order approving the proposed Settlement, whichever comes later, to all members of the Settlement Class who can be identified with reasonable effort by the Claims Administrator.

12.     Lead Counsel are authorized to establish a Notice and Administration Account (as defined in the Stipulation) of $100,000 (One Hundred Thousand Dollars), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses. After the Effective Date, additional amounts may be transferred from the Settlement Fund to the Notice and Administration Account.

13.     Any and all issuers, securities firms, or transfer agents holding transfer records which indicate the legal owners of China Natural Gas common stock currently or during the Class Period are hereby ordered to produce such transfer records in a usable electronic format to Lead Counsel or the Claims Administrator within fourteen (14) calendar days of receipt of a copy of this Order.  Any fees or costs associated with obtaining the transfer records shall be paid from the Notice and Administration Account.

14.     Lead Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other Persons who purchased China Natural Gas common stock during the Class Period. Within ten (10) calendar

days after receiving the Notice, such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and in the latter case, the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners (such nominees may be reimbursed for reasonable costs, (or not to exceed $0.15 per name and address provided) to provide the names and addresses to the Claim Administrator). Additional copies of the Notice shall be delivered to any nominee requesting same for the purpose of distribution by the nominee to beneficial owners, and nominees shall be reimbursed from the Settlement Fund in an amount not to exceed $0.75 per Notice mailed by the nominee for the expense of sending the Notice and Proof of Claim to beneficial owners. In addition, promptly upon execution of this Order, the Notice shall be made available for review on Strategic Claims Services' website.

15.     Lead Counsel shall, at or before the Settlement Hearing, serve upon Defendants' counsel, and file with the Court, proof of mailing of the Notice and Proof of Claim, both to members of the Settlement Class and to nominees.

16.     Lead Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within sixteen (16) business days after the entry of this Order or sixteen (16) business days of the Bankruptcy Court's entry of an order approving the proposed Settlement, whichever comes later. Lead Counsel shall, at or before the Settlement Hearing, serve upon Defendants' counsel and file with the Court proof of publication of the Summary Notice.

17.     The forms and methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the

Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto. No member of the Settlement Class will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Person failed to receive actual or adequate notice.

      18.     In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Participating Class Member shall take the following action and be subject to the following conditions:

          a.     A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, and received no later than sixty (60) calendar days from the date of the mailing of the Notice.  Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

          b.     The Proof of Claim submitted by each Participating Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the

preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Plaintiffs' Counsel; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Participating Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

      d.      For the filing of and all determinations concerning their Proof of Claim, each Participating Class Member shall submit to the jurisdiction of the Court.

19.      All Participating Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects by subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

20.      Members of the Settlement Class shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A member of the Settlement Class wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing or May 12, 2016, to the addresses listed in the Notice. Such request for exclusion shall clearly state the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, state that the sender specifically requests to be excluded from the Class, and must be signed by such Person. Such Persons requesting exclusion are also required to specify all their purchases and sales of China Natural Gas common stock during the Class Period, including the date, number of shares and price of the shares purchased or sold and include account documentation substantiating such purchases and sales. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

21.     Members of the Settlement Class requesting exclusion from the Settlement Class
shall not be entitled to receive any payment out of the Net Settlement Fund.

22.     The Court will consider comments and/or objections to the Settlement, the Plan of
Allocation, or the application for Attorneys' Fees and Expenses and any payment to Plaintiffs,
only if such comments or objections and any supporting papers are served to be received at least
fourteen (14) calendar days prior to the Settlement Hearing, upon each of the following:

**COUNSEL FOR PLAINTIFFS AND THE CLASS:**

Laurence M. Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016


**COUNSEL FOR ALAN NISSELSON AS CHAPTER 7 TRUSTEE OF DEFENDANT
CHINA NATURAL GAS, INC.:**

Jerome S. Fortinsky, Esq.
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022

and the objector has (by that same date) filed said objections, papers and briefs, showing due
proof of service upon counsel identified above, with the Clerk of the Court, United States
District Court, J. Caleb Boggs Federal Building, 844 North King Street, Wilmington, Delaware
19801. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard
orally in opposition to the Settlement, the Plan of Allocation, and/or the application for
Attorneys' Fees and Expenses or Award to Plaintiffs are required to state in their written
objection (or in a separate writing that is submitted in accordance with the deadline and after
instruction pertinent to the submission of a written objection) that they intend to appear at the
Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to

introduce in evidence at the Settlement Hearing. Members of the Settlement Class do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

23.     Any member of the Settlement Class who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application for an award of Attorneys' Fees and Expenses and a payment to Plaintiffs.

24.     The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

25.     All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Plaintiffs shall be filed and served twenty-eight (28) calendar days before the Settlement Hearing.

26.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Plaintiffs shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

27.     Pending final determination of whether the Settlement should be approved, all members of the Settlement Class, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Released Claims. In addition, the Action is stayed.

28.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor any statements made, acts performed or documents executed in the negotiation of, pursuant to or in furtherance of the Stipulation or the Settlement:

a) shall be offered or received against any of the Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Defendants with respect to the truth of any fact alleged by the Class Plaintiffs or the validity of any claim that was or could have been asserted against any of the Defendants in this action or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Defendants;

b) shall be offered or received against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendants, or against any of the Class Plaintiffs or any other members of the Settlement Class as evidence of any infirmity in the claims of the Class Plaintiffs or the other members of the Settlement Class;

c) shall be offered or received against any of the Defendants or against any of the Class Plaintiffs or any other members of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, or against any of the Class Plaintiffs or any other members of the Settlement Class, in any other civil, criminal or administrative action, arbitration or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

12

d)   shall be construed against any of the Defendants, the Class Plaintiffs or any other member of the Settlement Class as a presumption, concession or admission that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

e) shall be construed as or received in evidence as a presumption, concession or admission against the Class Plaintiffs or any other member of the Settlement Class that any of their claims are without merit or that damages potentially recoverable in the Securities Class Action would not have exceeded the settlement amount; and

f) shall be construed as or received in evidence as a presumption, concession or admission against the Defendants that any of its defenses are without merit or that any damages would have been recoverable in the Securities Class Action.

29.     In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any action or proceedings by any Person, and each party shall be restored to his, her or its position before the execution of the Stipulation, pursuant to the terms of the Stipulation.

30.     The Court retains exclusive and specific jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any Participating Class Member and any future requests by one or more of the Settling Parties that the Final Order and Judgment, the Releases and/or the permanent injunction set forth in the Stipulation be enforced. Notwithstanding the foregoing, by entering into the Stipulation and Settlement, the Settling

Parties shall not be deemed to have submitted generally to the jurisdiction of the Court or to the

State of Delaware or for any purpose other than as set forth in this paragraph.

Dated: February 10, 2016

HON. RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE